## J. S. and C. M. Curtis vs. Andrew J. Phillips.

A chattel mortgage, given by a merchant, of "goods in [his] store," will not be held under those words to include a safe kept in his store, not for sale, but for his own private use.

*Heard May 19th. Decided May 20th.*

Case reserved at Saginaw Circuit.

The action was replevin for an iron safe, and was tried by the Circuit Judge without a jury. Plaintiffs claimed the safe under a bill of sale from one J. B. Sloan, the execution of which was proved. It was admitted, on the trial, that about the 5th day of June, 1856, Charles W. Grant, sheriff of Saginaw County, at the request of one John F. Driggs, took the safe in question from the store of Sloan, at Bridgeport, with the entire stock of goods then in the store, by virtue of a chattel mortgage executed by Sloan to Driggs; that Grant, after giving five days' notice, sold the goods, including the safe, at public auction, and that the safe was bid off by Driggs, and by him afterwards sold to the defendant in this suit; and that the defendant bought said safe of Driggs with notice, at the time of his purchase, of the plaintiff's claim thereto.

The defendant then offered and read in evidence the chattel mortgage from Sloan to Driggs, its execution being admitted. The mortgage bears date February 11th, 1856, and was given to secure the payment of the sum of two thousand three hundred and forty dollars and eighty-three cents, and interest; and the description of property therein, which is claimed to include the safe, is as follows: "All of the goods of different kinds and varieties in the store of said first party, at Bridgeport Center, in the aforesaid town, except such as have been left with him to sell on commission."

The plaintiffs admitted that the mortgage was given to secure a bona fide indebtedness; that it was duly filed in the office of the township clerk; and that the safe was in the store at the time of the execution of the mortgage. It was

CURTIS vs. PHILLIPS.

also conceded that Sloan kept the safe for his own private use, and not for sale in his regular business; and that at the time of the date of the mortgage and bill of sale, Sloan was principally engaged in selling goods at Bridgeport Center, in said store.

The only question submitted to the Court was, Whether the safe in dispute was conveyed by and included in the description of property, in the mortgage from Sloan to Driggs; if included, and conveyed by said mortgage, then the defendant to have judgment for the value of the property, with interest and costs; and if not, plaintiffs to have judgment for nominal damages, with costs; whereupon the Court reserved the question for the opinion of this Court.

*W. L. Webber*, for plaintiffs.

*Moore & Gaylord*, for defendant.

CHRISTIANCY J.:

This case presents the single question, Whether the iron safe, which is the subject of the suit, was included in the chattel mortgage mentioned in the case, under the term "goods in the store," &c.

The term "goods," when used in contradistinction to real estate, would doubtless include all kinds of movable personal property, and even bills, notes, certificates of stock, &c. But it can not be supposed to have that extent of meaning in the case of this chattel mortgage.

The question here is one of intent; and we think it quite clear that when a merchant speaks of the goods in his store, he must generally be understood to have reference only to the merchandise and commodities kept on hand for the purposes of sale, unless there be some peculiar reason, which does not appear in this case, to give the term a broader signification. This certainly is the popular sense of the term in this country, when we speak of a merchant's goods in his store. The case concedes that the safe was not kept for sale

5 MICH. — H.

in the store, but for his own private use; and we are, there-fore, of opinion that it was not the intention of the mort-gagor to include the safe in the mortgage, as a part of the goods; and that the mortgage, when taken in connection with the facts found, can not be construed so to include it.

It must be certified to the Circuit Court for the county of Saginaw, that the safe in question was not conveyed by, or included in, the mortgage from Sloan to Driggs, men-tioned in the case, and that the plaintiffs are entitled to judgment.

All the Justices concurred.