[No. 4964. Decided February 25, 1905.]

M. R. ALBRECHT *et al.*, *Respondents*, v. EDWARD CUDIHEE, *Appellant.*[1]

FRAUDULENT CONVEYANCES—SALES—STOCK OF GOODS IN BULK—STATUTES—CONSTRUCTION. Laws 1901, p. 222, regulating the sale of "any stock of goods, wares or merchandise in bulk," does not apply to a cash register used in a saloon business to keep the accounts, and not for sale, but which was sold with the stock, fixtures and business, since the statute was intended to cover only the goods belonging to the mercantile stock or supply kept for sale.

Appeal from a judgment of the superior court for King county, Morris, J., entered October 17, 1903, in favor of the plaintiff, in an action of replevin, after a trial before the court without a jury, upon stipulated facts. Affirmed.

*Roberts & Leehey,* for appellant, cited: 14 Am. & Eng. Ency. Law, pp. 1079-1084; *St. Joseph Hydraulic Co. v. Wilson,* 133 Ind. 465, 33 N. E. 113; *Van Evera v. Davis,* 51 Iowa 637, 2 N. W. 509; *Arnett v. Trimmer,* 43 N. J. Eq. 488, 11 Atl. 487; *Kern v. Wilson,* 73 Iowa 490, 35 N. W. 594.

*Wright & Kelleher,* for respondents, cited: *Van Patten*

[1]Reported in 79 Pac. 628.

*v. Leonard,* 55 Iowa 520, 8 N. W. 334; *Curtis v. Phillips,*
5 Mich. 112; *Kent v. Liverpool etc. Ins. Co.,* 26 Ind. 294,
89 Am. Dec. 463; *Knight v. Parker,* 25 Ill. 593; Jones,
Chattel Mortgages, § 62; *Van Evera v. Davis,* 51 Iowa
637, 2 N. W. 509; *In re Eldridge,* 8 Fed. Cases 412, No.
4,330.

HADLEY, J.—The controversy here hinges upon the con-
struction of the so-called "sales in bulk statute," as found
in chapter 109, session laws of 1901, p. 222. Prior to
April 17, 1902, Harkins & Webb, copartners, were the
owners of a saloon in Seattle, and were engaged in selling
liquors and cigars at retail. . On said day they sold their
saloon to respondents, together with the entire stock of
liquors and cigars; also, all barroom fixtures, chairs, tables,
tools, and utensils, including a cash register. Respond-
ents immediately took possession of said property, and
engaged in the saloon business at the same place. They did
not require their aforesaid vendors to execute and deliver
to them the affidavit required by the statute aforesaid, as to
the names of the vendors' creditors, and the amounts due
them. No part of the purchase money was, by respond-
ents, applied upon payment of the vendors' debts, except
a mortgage upon the stock.

At the time of the sale, the vendors were indebted to the
Queen City Cigar Company, and thereafter the latter ob-
tained a judgment against them for $77.51. Thereupon
execution was issued upon said judgment, and placed in
the hands of the sheriff of King county for levy. He pro-
ceeded to levy upon the aforesaid cash register in the pos-
session of respondents, and took it into his possession by
virtue of said execution. Respondents then brought this
suit for possession of the cash register. The cause was
tried by the court on stipulated facts. In addition to the
foregoing, it was stipulated that the cash register was

worth $225, and was used by said vendors in making up and keeping their cash; also, that it was not a part of the goods, wares and merchandise kept for sale in said saloon, but was kept and used only for the purpose aforesaid. Judgment was entered awarding the possession to respondents, and the sheriff has appealed.

The single question in the case is, was the cash register such a part of the goods sold in bulk as brings it within the provisions of the statute cited? Under the stipulation as to the facts, it was not a part of the goods kept for sale. The statute repeatedly refers to the goods which it is intended to reach as "stock of goods, wares or merchandise." The common use of the term "stock," when applied to the goods in a mercantile house refers to those which are kept for sale. In *Curtis v. Phillips,* 5 Mich. 112, a chattel mortgage given by a merchant upon "goods in the store" was held not to include a safe kept in the store, but which was not for sale. It will be observed that the term "goods in the store" is much more comprehensive than the words used in this statute. Substantially equivalent words are used in the statute, but are limited by the term "stock." A cash register bears a similar classification in its relation to merchandise as a safe, and if such property is not a part of "goods in the store," it is not a part of "stock of goods, wares or merchandise" in the store. The cited case seems to be directly in point. Other cases bearing similarly upon the point are, *Van Patten v. Leonard,* 55 Iowa 520, 8 N. W. 334; *Kent v. Liverpool etc. Ins. Co.,* 26 Ind. 294 89 Am. Dec. 463.

We think the legislature intended the provisions of the statute to apply only to goods belonging to the mercantile stock or supply which is kept for sale. The cash register not being such property, the judgment of the trial court was right, and it is affirmed.

MOUNT, C. J., FULLERTON, and DUNBAR, JJ., concur.

RUDKIN, ROOT, and CROW, JJ., took no part.