EDWARD KOLANDER v. M. B. DUNN and Another.[1]

July 14, 1905.

Nos. 14,341—(30).

**Sale of Fixtures.**

In an action by the purchaser against an attaching creditor of the seller to determine the validity of the sale of certain saloon fixtures and stock of merchandise:

*Held*, under chapter 291, p. 357, Laws 1899, the sale of the stock of merchandise was presumed to be fraudulent and void, but that act has no application to the sale of fixtures.

**Charge to Jury.**

The trial court instructed the jury that the sale was presumed to be fraudulent as to creditors without distinguishing between the stock of merchandise and the fixtures. This was error, notwithstanding the bill of sale evidencing the purchase stated an entire consideration.

**New Trial.**

*Held*, further, no other error occurring for which a new trial could have been granted, the court was justified in granting a new trial upon that ground, although the reason therefore was not specified in the order or in a memorandum.

Action in the district court for Jackson county to recover $1,200 for the conversion of a stock of liquor and cigars and sundry bar fixtures. The case was tried before Quinn, J., and a jury, which rendered a verdict in favor of defendants. From an order granting a motion for a new trial, defendants appealed. Affirmed.

*Knox, Faber & Knox,* for appellants.

*Smith & Bissett,* for respondent.

LEWIS, J.[2]

Plaintiff claims to have purchased from a saloon keeper named Bund, in the village of Lakefield, the stock of liquors and saloon fixtures, and, having taken possession thereof, defendant Dunn, sheriff of the county, took possession under a writ of attachment issued in an action against Bund by defendant Kiesel, who was a creditor; and this action was commenced to recover the value of the goods, alleged to be

[1] Reported in 104 N. W. 371, 483.       [2] START, C. J., absent, took no part.

worth $1,200. The trial resulted in a verdict for defendants. Plaintiff moved for a new trial, and the court granted the motion, without specifying, either in the order or a memorandum, the ground upon which the new trial was allowed, from which order defendants appeal.

It seems that many of the trial judges have not become familiar with the provisions of chapter 46, p. 51, Laws 1901, and the decisions of this court with respect to it. That law was first noted in Halvorsen v. Moon & Kerr Lumber Co., 87 Minn. 18, 91 N. W. 28, where it was distinctly stated that this court would not presume—it not appearing from the order itself or a memorandum thereto attached—that a new trial was granted upon the ground that the verdict was not justified by the evidence. This holding was followed in Berg v. Olson, 88 Minn. 392, 93 N. W. 309, and Fitger v. Guthrie, 89 Minn. 330, 94 N. W. 888, where the statute is fully discussed; Owens v. Savage, 93 Minn. 468, 101 N. W. 790; Merrill v. Pike, 94 Minn. 186, 102 N. W. 393; and perhaps other cases.

One of the grounds of the motion for a new trial was that the verdict was not justified by the evidence. The evidence in this case tends to support the verdict, and under the ruling more particularly elucidated in Fitger v. Guthrie, supra, it remains to be seen whether there are any errors in law committed at the trial. No errors appear except in the instructions of the court as to the presumption of proof under the provisions of chapter 291, p. 357, Laws 1899, "An act to prevent sales of merchandise in fraud of creditors," which provides that, in case of a sale of any portion of a stock of merchandise in gross, such sale shall be presumed to be fraudulent and void as against the creditors of the seller, unless an inventory is made and certain notice given as required by the act. It will be noticed that the act has reference simply to the stock of merchandise, and not to fixtures, whereas in the case under consideration the plaintiff claims to have purchased both fixtures and the stock of merchandise. Upon the trial plaintiff testified that he made the bargain for the purchase of the saloon fixtures March 24, and paid $10 down, and that prior to March 26 he had negotiated for the purchase of the merchandise, and completed the entire purchase on the twenty-sixth, taking a bill of sale on that day, and, having been furnished with the key, he took possession of the property prior to the

attachment which was levied the twenty-seventh. The bill of sale states that it was a consideration of $900, and the property described was all the stock of goods, wares, and merchandise, consisting principally of wines and cigars, and also all the fixtures, consisting of bar, counters, chairs, mirror, etc., situated in a certain building. Plaintiff testified that the value of the stock of merchandise was $600, and that the value of the saloon fixtures was about the same.

The court submitted the case to the jury upon the theory that, under the law referred to, the entire sale was presumed to be fraudulent and void as to defendant, for the reason that the parties had not complied with the provisions of the act to serve notice upon the creditors. This law was under consideration by the court during the trial, and it is only fair to assume that the following request was based upon the plaintiff's claim as to its application:

> I instruct you, as a matter of law, and under the evidence in the case, the plaintiff is entitled to recover for the fixtures sold by the sheriff under the writ of attachment.

Although this request was properly refused, because the validity of the sale was a question for the jury, yet, inasmuch as no error occurred at the trial, except as above mentioned, the reasonable inference is that the trial judge became satisfied, upon a review of the record, that it had failed to make out a distinction as to the presumption of fraud with respect to the fixtures and with respect to the merchandise.

Order affirmed.

On August 2, 1905, the following opinion was filed:

PER CURIAM.

In the petition for reargument the point is made that the court was wrong in stating that the plaintiff testified that he had made separate bargains for the fixtures and for the merchandise. Perhaps it does not clearly appear from the plaintiff's testimony, taken alone, but defendant Kiesel testified to that effect. If there were independent bargains for the fixtures and for the stock of merchandise, and afterwards the total consideration was entered in a single bill of sale, plaintiff would not be estopped from showing the true nature of the trans-

action. What the effect would be if the purchase were an entire transaction is not necessary to a determination of the questions raised on this appeal.

Application for reargument denied.