[No. 5702.  Decided November 25, 1905.]

EVERETT PRODUCE COMPANY, *Appellant,* v. SMITH ·
BROTHERS, *Defendants,* A. C. GOERIG,
*Garnishee, Respondent.*[1]

JUDGMENTS—SETTING ASIDE DEFAULT—DISCRETION.  The vacation
of a default judgment will not be reversed on appeal except for abuse
of discretion.

FRAUDULENT CONVEYANCES—SALES—STOCK OF GOODS IN BULK—
LIVERY STABLE—STATUTE—CONSTRUCTION.  The sales in bulk act re-
quiring the purchaser of any stock of goods, wares or merchandise in
bulk to demand a list of the vendor's creditors and see to the appli-
cation of the proceeds of the sale, does not apply to the sale of the
horses, harness, carriages, and all the property in a livery stable;
since the act applies only to goods kept for sale.

Appeal from a judgment of the superior court for Sno-
homish county, Black, J., entered February 8, 1905, upon
findings in favor of a garnishee, after a trial on the merits
before the court without a jury, dismissing a garnishment
proceeding.  Affirmed.

*William Sheller,* for appellant.
*Bell & Austin,* for respondent.

DUNBAR, J.—On the 12th day of May, 1903, the appellant
recovered judgment in the superior court of Snohomish
county against the defendants Smith Brothers, for the sum
of $449.  On the same day it made affidavit for a writ of
garnishment against A. C. Goerig, the respondent garnishee
in this case.  Goerig failed to make any appearance or answer
to the writ; default was taken, and judgment rendered against
him on the 4th day of June, 1903.  On the 16th day of June,
1903, the garnishee respondent served upon appellant a notice
of hearing, a motion to set aside the judgment obtained against
him, and an affidavit in support of said motion.  On the 27th

[1]Reported in 82 Pac. 905.

day of June, 1903, the court vacated the judgment against the garnishee, and on the 30th day of June, his answer as garnishee in the aforesaid matter was filed.

Upon the trial the court found, among other things which are irrelevant to this investigation, that during the year 1902 Smith Brothers, the above-named defendant, owned ..nd operated a livery, feed, and boarding stable in the city of Everett, Washington, and became indebted to the plaintiff, appellant here in the sum of $432.49, for goods, wares, and merchandise sold and furnished to said Smith Brothers and used in running and operating said livery barn, and thereafter the said plaintiff procured a judgment for said sum against the said Smith Brothers, who at the time of the procurement of said judgment were insolvent and unable to pay the same; that on or about the 12th day of December, 1902, Goerig loaned to the said Smith Brothers the sum of $290; that at said date there was a chattel mortgage upon all the property owned and used by the said Smith Brothers for the sum of $362.50, which was a first and valid lien upon said property; that, on or about the 6th day of January, 1903, said Smith Brothers, being unable to pay said Goerig the said sum of $290 and to discharge the said chattel mortgage of $362.50, made a bill of sale of all of said livery stock and property to the said Goerig for the consideration of the said $290 theretofore loaned to the said Smith Brothers by Goerig, and his assumption and agreement to pay the said chattel mortgage of $362.50, and the interest thereon; and, under and by virtue of said bill of sale, the said Goerig took possession and became the owner of said livery barn and stock; that, after the execution of said bill of sale to Smith Brothers, the plaintiff caused a writ of garnishment to be issued by virtue of said judgment, in their favor and against Smith Brothers, and caused the said Goerig to be garnished, and that issues were made upon said garnishment and this trial had; that said property so turned over to said Goerig was of no greater value than $700; that Goerig, at the time of receiving the said bill

of sale from Smith Brothers, did not cause the said Smith Brothers, or either of them, to make an affidavit as to the names of, and the amounts due, their creditors, as provided by Laws 1901, p. 222.

As conclusions of law, the court found that the respondent Goerig was entitled to be dismissed out of the action, (1) because he was not a purchaser of the business of Smith Brothers within the sales-in-bulk law; (2) because he was at the time of the giving of the bill of sale a mere creditor of the said firm of Smith Brothers; and that the garnishee defendant was entitled to a judgment for his costs in this action. Certain findings of fact and conclusions of law were proposed by the appellant which the court refused to find. From this judgment this appeal is taken.

The first error assigned is that the court erred in ordering a directed judgment rendered against the garnishee to be vacated and set aside. Without reviewing the showing made by the garnishee defendant in this case, we are satisfied that the court acted well within its discretion in vacating the judgment. We are also satisfied from a perusal of the record that no error was committed by the court in finding that the property turned over to respondent was of no greater value than $700. This leaves for discussion only the principal contention of whether or not the bill of sale taken by the garnishee defendant Goerig is void under the provisions of chapter 109 of the laws of 1901, an act to regulate the purchase, sale, transfer, and incumbrance of stocks of goods, wares, and merchandise in bulk, and prescribing penalties for the violation thereof. Section 1, page 222, of said law provides that,

"It shall be the duty of every person who shall bargain for, or purchase any stock of goods, wares or merchandise in bulk, for cash, or on credit, before paying to the vendor, or his agent, or representative, or delivering to the vendor, or his agent, any part of the purchase price thereof, or any promissory note, or other evidence therefor, to demand of and receive from such vendor, or agent, or if the vendor or agent be a corporation, then from the president, vice-president, secre-

tary or managing agent of such corporation, a written statement, sworn to [in form afterwards prescribed] of the names and addresses of all the creditors of said vendor, to whom said vendor may be indebted, together with the amount of the indebtedness due or owing, and to become due or owing, by said vendor to each of such creditors; and it shall be the duty of said vendor, or agent, to furnish such statement, which shall be verified by an oath  .  .  . "

Section 2 further provides that, in case such statement under oath is not required and taken, the transfer shall be fraudulent and void.  The transfer in this case was of horses, wagons, and harness, which comprised the stock in the livery stable.

The construction of this statute has been before this court frequently, and it is insisted by the appellant here that this cause falls within the decision of this court in *Plass v. Morgan*, 36 Wash. 160, 78 Pac. 784.  In that case it was held that the buying of all the goods, wares, and merchandise in a restaurant was a purchase, within the contemplation of the statute just above quoted.  It may be a little difficult to distinguish that case from the case at bar, and yet we think that there is in reality a distinction, and that the goods, wares, and merchandise necessarily used by a restaurant keeper can more appropriately be termed a "stock of merchandise," than the horses and carriages in a livery stable.  It is true that a restaurant keeper, when he buys a ton of flour, does not buy it for the purpose of selling the article again in the same condition that it was in when he bought it, as does the ordinary merchant; but he does dispose of the same goods in a changed condition, and it is a business which from necessity calls for constant and continued purchases from wholesale dealers.  While, on the other hand, there is no sale of horses or carriages contemplated at all in the conducting of a livery business, and the stock, when once obtained, outside of the feed required for feeding the horses, is less mutable.  In any event, we do not see our way clear to extend the doctrine

announced in *Plass v. Morgan,* which we think would have to be done to maintain appellant's theory in this case.

In a subsequent case, however, viz., *Albrecht v. Cudihee,* 37 Wash. 206, 79 Pac. 628, the decision announced, it seems to us, clearly covers the case at bar. There it was contended that a cash register kept by Harkins & Webb, saloon keepers, which was levied upon while in the possession of the purchasers of said business, was property which fell within the provisions of the law in relation to sales-in-bulk, and that the sale of the said cash register was void by reason of the failure of the purchasers to require the affidavit provided by the law; and this court held that the cash register was not a part of the stock of goods, wares, or merchandise in the saloon; citing *Van Patten & Marks v. Leonard,* 55 Iowa 520, and *Kent v. Liverpool etc. Ins. Co.,* 26 Ind. 294, 89 Am. Dec. 463. It is insisted by the appellant that that case is not in point for the reason that it was decided on stipulated facts and on different procedure, and that it can be gathered that had the garnishment procedure been used the case would have been decided differently. We think there is nothing in this assertion, for the same rules of construction would be applied to the statute whether the questions arose under a garnishment proceeding or under an attachment, or a levy on execution. As to the stipulation, that was only as to the value of the cash register, that it was used in making up and keeping the cash of the concern, and that it was not a part of the goods, wares, and merchandise kept for sale in the saloon. There is no contention in this case that the property sold to the respondent was kept for sale. So that the stipulated facts in that case do not in any way affect the decision of the court. We think, under the law as announced in that case and to which we feel constrained to adhere, that no error was committed by the court in the conclusions reached.

The judgment is affirmed.

MOUNT, C. J., HADLEY, FULLERTON, RUDKIN, ROOT, and CROW, JJ., concur.