HENRY J. LEE, APPELLEE, v. GILLEN & BONEY ET AL.,
APPELLANTS.

FILED JANUARY 24, 1912. No. 16,579.

Fraudulent Conveyances: "BULK SALES LAW," PROPERTY SUBJECT TO. Section 6048, Ann. St. 1909, commonly called the "Bulk Sales Law," relates only to merchandise kept for sale "in the ordinary course of trade and in the regular and usual prosecution of"

business, and does not apply to fixtures or a manufacturer's stock of raw materials used by himself, and not kept or offered for sale in the ordinary course of trade.

APPEAL from the district court for Dodge county: GEORGE H. THOMAS, JUDGE. *Affirmed.*

*C. E. Abbott,* for appellants.

*Courtright & Sidner, contra.*

SEDGWICK, J.

One Kost Teckos was conducting a confectionery and fruit store in Fremont, and manufactured and sold ice cream and confections, and sold drinks from his soda fountain. He was indebted to this plaintiff, and executed a chattel mortgage in which the property mortgaged was described as follows: "One electric motor bought of J. P. Brown, all of the shafting, belting and appurtenances in connection therewith; one ice cream machine, new; * * * sixty freezer cans, new; * * * three kettles, new; * * * five dozen pans for candies; * * * all of the stock of sugars in sacks, chocolate in bars, preserves and stock of supplies in and about my store on Sixth street in Fremont, Neb.; one candy stove, new." He continued the business and the mortgage was not filed, but some time later the mortgagee took possession of the mortgaged property. The defendants contend that the evidence does not sufficiently show that the plaintiff took possession under his mortgage before the levy of the attachment, but we think that the evidence clearly shows that he did. Afterwards, on the same day, the defendants attached a part of the mortgaged property as the property of Teckos and caused the same to be sold to satisfy their claim. The plaintiff brought this action for a conversion of the mortgaged property, and afterwards such proceedings were had that the plaintiff recovered a judgment in the district court for Dodge county; the amount now in controversy is $90.40 and costs. The defendants have appealed.

Several minor questions are presented and discussed in the briefs, but the case is not of sufficient importance to require us to discuss them here in detail, since we do not find that any substantial errors occurred requiring a reversal of the judgment.

The principal defense was that the chattel mortgage was void because in violation of section 6048, Ann. St. 1909, commonly known as the "Bulk Sales Law." That section provides: "The sale, trade or other disposition in bulk of any part or the whole of a stock of merchandise, otherwise than in the ordinary course of trade and in the regular and usual prosecution of the seller's business, shall be void as against the creditors of the seller," unless certain conditions are complied with. It will be seen that this statute relates only to "a stock of merchandise," and does not apply to fixtures or a manufacturer's stock of raw material. The supreme court of Massachusetts has so construed a statute similarly worded, and we are satisfied that the construction is correct. *Gallus v. Elmer,* 193 Mass. 106. The question whether giving a chattel mortgage on a stock of merchandise is a disposition of the property within the meaning of the section is presented in the briefs and somewhat discussed; but, as this mortgage did not cover the articles of merchandise that were kept for sale, this important and perhaps difficult question is not involved.

The judgment of the district court is

AFFIRMED.