[No. 2121]

## A. MARSHON, RESPONDENT, v. P. H. TOOHEY, APPELLANT.

[148 Pac. 357]

1. EXECUTION—WRONGFUL EXECUTION—REMEDY.
   An owner whose property is wrongfully seized under execution against another has, ordinarily, an adequate remedy at law for damages, except where his business and credit will be so affected as to make it difficult or impossible to estimate the injury in damages, in which case he may seek injunctive relief.

2. FRAUDULENT CONVEYANCES—BULK SALES ACT—"STOCK OF MERCHANDISE."
   A sale of a saloon and dance-hall, without complying with bulk sales act (Rev. Laws, 3908-3912), regulating the sale of merchandise in bulk otherwise than in the usual course of trade, is *prima facie* void as against creditors of the seller, and the stock of liquors sold and the money derived therefrom are subject to execution against the seller, while the glassware, bar fixtures, and furnishings of the dance-hall and saloon are not within the description of "portion of a stock of merchandise" within the statute, and these articles are not subject to execution against the seller.

APPEAL from the Seventh Judicial District Court, Esmeralda County; *Peter J. Somers*, Judge.

Action by A. Marshon against P. H. Toohey. From an order refusing to set aside an injunction *pendente lite*, defendant appeals. **Affirmed,** subject to rights of defendant to apply for modification of the injunction.

*Thompson & Thompson*, for Appellant:

The complaint does not show that the injury complained of is irreparable. It is not sufficient that the complaint allege that the injury would be irreparable. (*Thorn* v. *Sweeney*, 12 Nev. 256.) What injuries shall be regarded as irreparable at law must depend upon the circumstances of the particlar case. (*Ritter* v. *Patch*, 12 Cal. 298; *Turnpike* v. *Board*, 13 Cal. 191; *Cobby* v. *City of Spokane*, 42 Pac. 112; High on Injunctions, 3 ed. vol. 1, sec. 34.)

This complaint does not allege that defendant is insolvent or unable to discharge or satisfy any judgment that might be obtained against him in an action at law. (10 Ency. Pl. & Pr. 956; High on Injunctions, vol. 1, sec. 653; *Meadow Valley M. Co.* v. *Dodds*, 6 Nev. 261.)

It must affirmatively appear from the complaint that the plaintiff has a clear, legal right to the possession of the property, and that he has no plain, speedy, and adequate remedy at law.   (*State* v. *Jumbo Ex. M. Co.*, 30 Nev. 205; *Markley* v. *Rand*, 12 Cal. 276; 2 Freeman on Executions, 437; *Imlay* v. *Carpenter*, 14 Cal. 173; *Mariner* v. *Smith*, 27 Cal. 649.)

A saloonkeeper is a merchant.   (Words & Phrases, vol. 5, p. 4487; *In Re Sherwood*, 21 Fed. Cas. 1285.)   The term "merchant" embraces all who buy and sell any species of movable goods for gain or profit.   (Words & Phrases, vol. 5, p. 4482; *Rosenbaum* v. *City*, 24 S. E. 1–2, 118 N. C. 83, 32 L. R. A. 123.)   The term "merchandise" has a very extended meaning, covering all articles of commerce.   (Words & Phrases, vol. 5, p. 4480; 26 Am. Rep. 110.)

*John F. Kunz*, for Respondent:

The object of a restraining order is to give the party seeking it a more plain, speedy, adequate, and complete remedy for the wrong complained of than he can have at law.   The answer admits that the property sought to be seized to satisfy the execution against Rosenthal & Dilley was not their property; therefore it must be attempted abuse of process, and consequently respondent was entitled to the relief sought.   (22 Cyc. 788.)

It is admitted that the officer, appellant herein, was ready, willing and anxious to seize the property and business involved—a trespasser on property admitted not to be the property against which a judgment had been obtained.   This is held to be ground for interference of equity by injunction to restrain a continued offense.   (22 Cyc. 830.)

Equity will protect the rights of claimants to property to prevent disposition or destruction thereof to their prejudice.   (22 Cyc. 840, 993; *Sierra Nevada Co.* v. *Sears*, 10 Nev. 346.)

Appellant seeks to rely on the fact that the sale was void as to the creditors of the judgment debtors, and that therefore the officer had a right to levy on the property.

It is submitted that the allegations of the separate defense are insufficient to bring it within section 3908, Revised Laws. The statute applies only to cases where an entire stock of merchandise is sold for cash or credit. It might have been a transfer to the vendee of the property involved for a debt, under execution, or an exchange; and unless it was a sale for cash or credit, it was not a sale within the meaning of the law. (7 Words & Phrases, 6304; *Williamson* v. *Berry*, 49 U. S. 495, 544; *Butts* v. *Newman*, 29 Wis. 640; *Vail* v. *Strong*, 10 Vt. 465; *Chapman* v. *Hughes*, 58 Pac. 298; *State* v. *Austin*, 23 South. 34.)

By the Court, NORCROSS, C. J.:

This is an appeal from an order refusing to set aside an injunction *pendente lite*. Respondent instituted an action in equity to enjoin the appellant, as constable of Goldfield township, from levying an execution upon certain personal property alleged to be owned by respondent. Appellant was proceeding to levy under and by virtue of a writ duly issued by the justice's court in and for Goldfield township to satisfy a judgment obtained in said court in a case where Joe Shirley was plaintiff and Matt Rosenthal and Al Dilly, as partners, were defendants. It is the contention of appellant in this case that the property levied upon and attempted to be sold upon execution is the property of said defendants, Rosenthal and Dilly, and not the property of the respondent, Marshon.

[1] It is alleged in the complaint in the injunction suit that to permit the levy of the writ of execution would destroy the business of respondent in conducting a certain saloon and dance-hall in the town of Goldfield, and would ruin his credit, and that he is entitled to injunctive relief, for the reason that his injury cannot be estimated in damages in an ordinary action at law. This contention of respondent was sustained by the court below, and we think it finds support in the law. While it is the general rule, where property is claimed to be wrongfully seized for execution, that the owner has an adequate remedy at law for damages, an exception exists where it is shown

that the business and credit of one not a party to the original action would be so affected as to make it difficult or impossible to estimate the injury in damages. (Freeman on Executions, 3d ed. vol. 3, sec. 437, p. 2347.)

[2] It is contended, however, upon the part of appellant, that the pleadings show that the property in controversy is subject to levy, for the reason that the respondent purchased the property in question from the defendants, Rosenthal and Dilly, and that the sale to respondent was void as against the creditors of the latter under the provisions of Revised Laws, secs. 3908–3912, known as the bulk sales act.

It sufficiently appears from the pleadings that this act was not complied with in the sale of the saloon and dance-hall made by Rosenthal and Dilly to respondent. If this contention is correct, the order should be set aside, for respondent would not then be in position, we think, to avail himself of the exception to the rule above announced, for his alleged title would appear *prima facie* void under the statute.

We shall assume in this case that the act in question is valid, for it has not been questioned, although the examination of the case which we have been required to make disclosed a division of authority as to whether this character of legislation is constitutional. The authorities upon both sides of the question will be found collated in the notes to *Everett Produce Co.* v. *Smith,* 40 Wash. 566, 82 Pac. 905, 117 Am. St. Rep. 979, 2 L. R. A. n. s. 331, 5 Ann. Cas. 798; *Young* v. *Lamieux,* 79 Conn. 434, 65 Atl. 436, 20 L. R. A. n. s. 160, 129 Am. St. Rep. 193, 8 Ann. Cas. 452; *Williams* v. *Preslo,* 84 Ohio St. 328, 95 N. E. 900, Ann. Cas. 1912c, 704. See, also, *Off* v. *Morehead,* 235 Ill. 40, 85 N. E. 264, 126 Am. St. Rep. 184, 20 L. R. A. n. s. 167, 14 Ann. Cas. 434; *Re Paulis* (D. C.) 144 Fed. 472.

The property seized in execution consisted in part of a stock of liquors, in part of certain furnishings used in connection with the dance-hall such as curtains, chairs, tables, dressers, rugs, bedroom supplies, and other articles of a similar character, in part of glassware and other

similar bar equipment, and $123.90 in money described in the complaint as "proceeds from and at the said bar." The stock of liquors and the money derived from its sale we think properly the subject of execution, as property, and the proceeds thereof transferred contrary to the provisions of the statute and void as to the creditors of the former owners. The glassware, bar fixtures, and furnishings of the dance-hall and saloon do not, we think, constitute a stock or a "portion of a stock of merchandise" within the meaning of the statute. (*Everett Produce Co.* v. *Smith, supra; Albrecht* v. *Cudihee,* 37 Wash. 206, 79 Pac. 628; *Van Patten* v. *Leonard,* 55 Iowa, 520, 8 N. W. 334; *Kolander* v. *Dunn,* 95 Minn. 422, 104 N. W. 371; *Gallus* v. *Elmer,* 193 Mass. 106, 78 N. E. 772, 8 Ann. Cas. 1067.)

The order denying the motion to vacate the temporary injunction also continued the injunction in force "subject to the further order of the court." As the injunction may properly be subject to modification, in accordance with the views here expressed, counsel for appellant is not foreclosed from appropriate relief in the lower court.

The order appealed from is affirmed, subject to the right of appellant to apply for modification thereof.