# .W. N. JOHNSON v. E. D. KELLY.

### (155 N. W. 683.)

Action in conversion against a sheriff for property sold on execution in a suit between third parties. The sheriff justifies under execution levy. *Held:*

**Conversion — sheriff — action against — execution — evidence — jury — question of fact.**

1. There was sufficient evidence to require the submission to the jury of the fact and character of plaintiff's alleged ownership.

**Restaurant business — merchandise — fixtures — sales in bulk law.**

2. The articles were utensils, fixtures, and equipment used in conducting a restaurant business. *Held,* it did not constitute any part of a stock of merchandise and fixtures within the meaning of chapter 247, Sess. Laws 1913 (Comp. Laws 1913, §§ 7224–7228), commonly known as the sales in bulk law.

**Sales in bulk law — application — merchandise — fixtures.**

3. The sales in bulk statutes apply only to stocks of merchandise and fixtures, or goods a part of a merchandise stock which are kept for sale as such.

**Instructions — misleading — prejudicial — verdict.**

4. The instructions were given under the theory that the bulk sales law applied, and could not have been other than misleading, confusing, and prejudicial. As it is impossible to determine whether the verdict was based upon the erroneous assumption that the bulk sales law applied, or whether the sale was fictitious or fraudulent in fact, the verdict and judgment thereon must be set aside.

Opinion filed November 22, 1915.

From a judgment of the County Court of increased jurisdiction of Ward County, *William Murray,* J., plaintiff appeals.

Reversed and remanded.

*E. R. Sinkler,* for appellant.

The so-called sales in bulk law only applies to merchants; a transfer

---

Note.—Cases on the question of what kind or classes of property are within the operation of bulk sale statutes later in time than those included in the note in 2 L.R.A. (N.S.) 331, referred to in the opinion in this case, will be found in notes in 25 L.R.A. (N.S.) 758; and 45 L.R.A. (N.S.) 495.

As to what are fixtures within the meaning of bulk sale statutes, see note in 34 L.R.A. (N.S.) 218.

under such law must be of a stock of merchandise, or merchandise and fixtures pertaining to such business. Sess. Laws 1913, chap. 247.

W. H. Sibbald (Francis J. Murphy, of counsel), for respondent.

Defendant was entitled to justify his seizure of the goods upon the theory that the same was the property of the person against whom the process which he executed was directed. Such person was plaintiff's alleged vendor. The pleadings and the evidence furnish foundation for such defense. Dearing v. McKinnon Dash & Hardware Co. 165 N. Y. 78, 80 Am. St. Rep. 708, 58 N. E. 773.

Goss, J. Suit for conversion against the defendant as sheriff, to recover the value of property sold on execution levy at the suit of a third party. The sheriff refused to deliver possession of said property to plaintiff upon his verified demand therefor. Defendant justifies under the levy. The jury, by general verdict, found for the defendant, and plaintiff appeals.

The first question raised is whether there is sufficient conflict in the proof to warrant the submission to the jury of the question of the fact and character of his ownership. It is unnecessary to pass upon this further than to state, in view of a necessary retrial, that there is sufficient evidence in the record from which the jury might have found adversely to plaintiff upon these questions.

Error is specified and assigned upon instructions. These were given upon the theory that the sale was one covered by the law governing sales in bulk of stocks of merchandise, as declared by chapter 247 of the Session Laws of 1913 (Comp. Laws 1913, §§ 7224–7228), amending chapter 221 of Sess. Laws 1907, substantially the uniform bulk sales law. See note in 2 L.R.A. (N.S.) 331, naming the states having substantially the same statutes on sales in bulk. This drastic measure is leveled only at sales, transfers, or assignments in bulk "of any part or the whole of a stock of merchandise or merchandise and fixtures pertaining to the conducting of said business otherwise than in the ordinary course of trade and in the regular prosecution of the business of the seller." Comp. Laws 1913, § 7224. It destroys secret assignments, sales, or transfers of stocks of merchandise or stocks of merchandise and fixtures in fraud of creditors. Everett Produce Co. v. Smith Bros. 2 L.R.A. (N.S.) 331, and note (40 Wash. 566, 111 Am. St. Rep. 979,

82 Pac. 905, 5 Ann. Cas. 798). It certainly does not apply to the furniture, fixtures, and utensils used in the operation of this restaurant business, without proof that a merchandise business was conducted in connection with or incidental to said restaurant business. Washington has held the contrary under their law as to a sale of a restaurant stock in Plass v. Morgan, 36 Wash. 160, 78 Pac. 784, but practically recedes from this holding in Albrecht v. Cudihee, 37 Wash. 206, 79 Pac. 628 and Everett Produce Co. v. Smith Bros. supra. The decision in Plass v. Morgan is based upon the terms of their bulk sales statute voiding sales of "*any* stock of goods, wares, and merchandise." The word "any" was held to broaden the statute, making it apply to "any stock," which therefore covered restaurant stocks. Our statute does not so read, but by its plain terms applies only to stocks of merchandise or goods a part of "mercantile stock or supply which is kept for sale." Albrecht v. Cudihee, supra, and notes in 25 L.R.A.(N.S.) 758, and 45 L.R.A. (N.S.) 495, citing much authority unanimously supporting our conclusion. The specific goods levied upon and the subject of this action for conversion are a baking oven and base, a steam table, oak desk, showcase, 8 dining tables, 34 chairs, counter, stand, and kitchen table. It is not proved that these articles constitute any part of a stock of merchandise kept for sale, nor is there proof that these articles were used in a mercantile business as fixtures used to facilitate merchandising. There was no evidence upon which to base the instruction given.

Respondent urges in his brief that even though there is no foundation in the evidence for such an instruction, yet "it is quite clear from the record that the instruction was nonprejudicial," and "moreover the instructions covering this ground were so hedged about and qualified by the court as to its application that it would require a presumption of 'wilful ignorance' on the part of the jury to conclude that these considerations entered into the verdict." After giving substantially the terms of the statute to the jury, and thereby inferentially giving them to understand there was sufficient basis in the proof to warrant their considering whether this sale was one condemned by the statute, the instruction concludes as follows: "In this connection I charge you it is for the jury to say whether said Hazlett was a merchant, and whether the sale to the plaintiff in this action was of a part of a whole stock of merchandise or merchandise and fixtures pertaining to the conduct

of said business otherwise than in the ordinary course of trade in the regular process of the business, and, if so, then whether or not the law as above set forth was complied with. If it was not complied with, then you should find for the defendant for the dismissal of this action. Should the jury find that the said Hazlett was not a merchant, and that the property described and in issue in this lawsuit is not any part of the whole of a stock of merchandise or merchandise and fixtures, as above set forth, then I charge you the sale to the plaintiff would be a legal sale so far as the foregoing law is concerned." The property was no part of a merchandise stock or of the fixtures of a stock of merchandise and fixtures. And there was no proof of any attempt by plaintiff in his alleged purchase of the goods to comply with the sales in bulk law or to recognize the fixtures as a part of a stock of merchandise and fixtures, and no issue of fact on that question is presented by the proof. No instruction under the sales in bulk law should have been given. Hence the whole instruction was based upon the contrary erroneous assumption, and could not do otherwise than tend to mislead and confuse the jury. It is impossible to determine whether the verdict was returned upon the assumption that the provisions of the bulk sales law had not been complied with, or whether it was based upon the real issue presented of whether the sale was fictitious or fraudulent or bona fide. It must be held that the instruction was prejudicial. As heretofore stated, there is sufficient evidence in the record to have sustained a verdict based upon a fraudulent or fictitious transfer. The judgment must be reversed and the cause remanded for retrial.