## MUSKOGEE WHOLESALE GROCER CO. v. DURANT.

No. 5894.   Opinion Filed November 23, 1915.

(153 Pac. 142.)

**FRAUDULENT CONVEYANCES—Bulk Sales—Operation of Statute— Fixtures.** Section 2903, Rev. Laws 1910, affecting sales or transfers of a stock of goods, wares, and merchandise or portions thereof, applies to those articles usually kept for sale in the ordinary course of business, and does not include fixtures.

(Syllabus by the Court.)

*Error from County Court, Muskogee County;
Thos. W. Leahy, Judge.*

Action by Monday Durant against Muskogee Wholesale Grocer Co.   Judgment for plaintiff, and defendant brings error.   Affirmed.

*M. D. Hartsell* and *L. J. Roach,* for plaintiff in error.

*Robertson & Keen,* for defendant in error.

HARDY, J.   This was an action in replevin, and involved the title to a stock of goods and fixtures claimed by defendant in error by virtue of having purchased same from one Chas. H. Davis.   The plaintiff in error had recovered a judgment against said Davis, and had caused execution to be issued and levied upon the stock and fixtures.   There is but one question presented, and that is whether, under sections 2903, 2904, and 2905, Rev. Laws 1910, commonly known as the Bulk Sales Law, a sale of the fixtures would be void as against creditors.   The stock of goods is not involved.   Statutes of this character are comparatively recent in the various states, and there are but few adjudicated cases upon the question.   The language of section 2903, or so much thereof as is necessary for the consideration of this question, is as follows:

"The transfer of any portion of a stock of goods, wares or merchandise otherwise than in the ordinary course of trade, in the regular and usual prosecution of the transferrer's business, or the transfer of an entire such stock in bulk shall be presumed to be fraudulent and void as against the creditors of such transferrer and such presumption may be rebutted only by a proposed transferee showing that, at least ten days before the transfer, and in good faith, he made a full and explicit inquiry of the transferrer as to the names and addresses of each and all of his creditors.   *   *   * "

The language of this section set out would seem to indicate that it had reference to the goods, wares, or merchandise that were kept for sale, and that a transfer of same made in violation of the section would be presumptively fraudulent and void, as against creditors. *Off & Co. v. Morehead*, 235 Ill. 40, 85 N. E. 264, 20 L. R. A. (N. S.) 167, 126 Am. St. Rep. 184, 14 Ann. Cas. 434.   In *Gallus v. Elmer*, 193 Mass. 106, 78 N. E. 772, 8 Ann. Cas. 1067, it was held that a similar statute was intended to prevent a trader from disposing of his stock of merchandise in a manner outside the usual course of business, and was applicable only to the articles which the seller keeps in the ordinary course of business, and is not applicable to fixtures.   In *Albrecht v. Cudihee*, 37 Wash. 206, 79 Pac. 628, the Supreme Court of Washington held that a cash register which was not a part of the goods kept for sale was not within the laws of that state making it the duty of the sellers, on a sale of their stock of goods, wares, and merchandise in bulk, to furnish an affidavit to the buyers, giving a list of their creditors at the time of the sale, and held that the cash register was not subject to attachment in the hands of the buyers at the suit of a judgment creditor, though no such affidavit was

made.   In *Curtis v. Phillips*, 5 Mich. 112, a mortgage
given by a merchant on goods in the store was held not
to include an iron safe kept therein, which was not
for sale.   In *Plass v. Morgan*, 36 Wash. 160, 78 Pac. 784,
the Supreme Court of Washington held that a sale of the
business and appliances of a boarding house and restau-
rant keeper is not exempt from the provisions of such sec-
tion, and that a failure to comply therewith rendered the
sale invalid.   This case was reviewed in *Everett Produce
Co. v. Smith Bros.*, 40 Wash. 566, 82 Pac. 905, 2 L. R. A.
(N. S.) 311, 111 Am. St. Rep. 979, 5 Ann. Cas. 798, where
the property involved was all the property belonging to
a livery stable business, and it was there held that such
a transfer was not within the statute.   The case of *Plass
v. Morgan* was distinguished on the ground that the mer-
chandise necessarily used by a restaurant keeper could
more appropriately be termed a stock of merchandise than
the horses and carriages in a livery stable, as a restaurant
keeper would sell the articles kept by him, while the
livery stable keeper did not keep horses or carriages for
sale.   Other cases holding that fixtures are not embraced
within the statute are *Kolander v. Dunn et al.*, 95 Minn.
422, 104 N. W. 371, 483; *Lee v. Gillen*, 90 Neb. 730, 134
N. W. 278; *Boise Ass'n v. Ellis*, 26 Idaho, 438, 144 Pac. 6;
*Nolte v. Winstanley* (Ariz.), 145 Pac. 246; *Marshon v.
Toohey* (Nev.) 148 Pac. 357.   In *Cooney et al. v. Sweat*,
133 Ga. 511, 66 S. E. 257, 25 L. R. A. (N. S.) 758, the
Bulk Sales Law of that state was held to have no appli-
cation to a sale substantially of all the lumber manu-
factured by one who operated a sawmill; but in *Parham
v. Potts-Thompson Liquor Co.*, 127 Ga. 303, 56 S. E. 460,
such a statute referring to a stock of goods, wares, and
merchandise was held to include bar fixtures, safe, desks,

cash registers, cigar cases, pool tables, and items other than liquors used in connection with the retail liquor business. Fixtures are expressly included in the statute in Michigan. *People's Savings Bank v. Van Allsburg,* 165 Mich. 524, 131 N. W. 101; *Brown v. Quigley,* 165 Mich. 337, 130 N. W. 690, 34 L. R. A. (N. S.) 218.

Unfortunately we have not been favored with a brief by defendant in error, and such investigations as we have been able to make have revealed the state of the decisions above outlined.

We think a reasonable construction to give to the statute is that it was intended to apply to those articles kept for sale in the ordinary course which a creditor would furnish, and does not embrace what are ordinarily known as fixtures.

For these reasons, the judgment is affirmed.

All the Justices concur.