STRAUS CIGAR Co. *et al. v.* BON MARCHE *et al.*[*]

(*Knoxville.* September Term, 1919.)

FRAUDULENT CONVEYANCES. Bulk Sales Act does not include fixtures used in connection with tobacco and confectionery business.

Acts 1901, chapter 133, section 1, providing that a sale of any portion of a stock of merchandise other than in the ordinary course of trade, or a sale of the entire stock of merchandise in bulk, shall be presumed fraudulent as against creditors of the seller, unless the seller and purchaser shall five days before the sale make a detailed inventory, etc., and the purchaser after inquiry shall notify the seller's creditors, etc., does not apply to a sale of the fixtures used in connection with a business where confectionery, tobacco, and soft drinks were sold.

Acts cited and construed: Acts 1901, ch. 133, sec. 1.

Cases cited and approved: Heilmann v. Powelson, 101 Misc. Rep., 230; Ferrat v. Adamson et al., 53 Mont., 172; Kolander v. Dunn, 95 Minn., 422; Lee v. Gillen & Boney, 90 Neb., 730; Johnson v. Kelly, 32 N. D:, 116; Muskogee, etc., Grocery Co. v. Durant, 49 Okla., 395; Boise Ass'n of Credit Men v. Ellis, 26 Idaho, 438; Nolte v. Winstanley, 16 Ariz., 327; Gallus v. Elmer, 193 Mass., 106; Delbon v. Krautwald, 169 N. Y. Supp., 610; Albrecht v. Cudihee, 37 Wash., 206; Everett Produce Co. v. Smith, 40 Wash., 566; Laundry Co. v. Lewis, 86 Conn., 386; Balter v. Crum, 199 Mo. App., 380; Bowen v. Quigley, 165 Mich., 337; Savings Bank v. Van Allsburg, 165 Mich., 524.

Cases cited and disapproved: Parham & Co. v. Potts-Thompson Liquor Co., 127 Ga., 303; Plass v. Morgan, 36 Wash., 160.

FROM WASHINGTON.

[*]The question as to what are "fixtures" within meaning of bulk sale law, is discussed in a note in 34 L. R. A. (N. S.), 218.

9—142 Tenn.

Appeal from the Chancery Court of Washington County.—Hon. E. K. BACHMAN, Special Chancellor.

GEO. C. SELLS, for STAUS CIGAR Co. & others.

S. W. PRICE and J. R. GARDNER, for E. D. Hank.

DIVINE & GUINN, MILLER & DEPEW, O. M. FAIR, HARR & BURROW, A. R. JOHNSON, G. S. CHASE, and GEO. N. BARNES, for various petitioning creditors.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

Does chapter 133 of the Acts of 1901 of the General Assembly of the State of Tennessee apply to or include fixtures used in connection with a business, where confectionery, tobacco, and soft drinks are sold? Section 1 of said act is as follows:

"Be it enacted by the General Assembly of the State of Tennessee, that a sale of any portion of a stock of merchandise otherwise than in the ordinary course of trade in the regular and usual prosecution of the seller's business, or a sale of an entire stock of merchandise in bulk, shall be presumed to be fraudulent and void as against the creditors of the seller, unless the seller and purchaser shall at least five days before the sale make a full detailed inventory, showing the quantity, and so far as possible, with the exercise of a reasonable diligence, the cost price to the seller of each article to be included in the sale; and unless such purchaser shall at least five days before the sale, in good faith, make full, explicit inquiry of the seller as to the names and

places of residence or places of business of each and all of the creditors of the seller, and unless the purchaser shall at least five days before the sale, in good faith, notify or cause to be notified personally or by registered mail, each of the creditors of the seller of whom the purchaser has knowledge, or can, with the exercise of reasonable diligence, acquire knowledge, of the purposed sale and of the cost price of the merchandise to be sold and the price proposed to be paid therefor by the purchaser; and the seller shall at least five days before such sale, fully and truthfully answer in writing each and all of said inquiries: Provided, however, no suit shall be brought or maintained by any creditor against such seller or purchaser within five days after he receive notice from any source of the intended sale and purchase, and any suit so brought shall be dismissed at the cost of the plaintiff in the case.''

The great weight of authority and the better reasoning lead us to the conclusion that the purpose of the legislature was to regulate the sale of such articles only as the merchant keeps for sale in the ordinary course of his business, and that the statute therefore has no application to fixtures employed in connection with the business. *Heilmann* v. *Powelson,* 101 Misc. Rep., 230, 167 N. Y. Supp., 662; *Ferrat* v. *Adamson et al.,* 53 Mont., 172, 163 P., 112; *Kolander* v. *Dunn,* 95 Minn., 422, 104 N. W., 371, 483; *Lee* v. *Gillen & Boney,* 90 Neb., 730, 134 N. W., 278; *Johnson* v. *Kelly,* 32 N. D., 116, 155 N. W., 683; *Muskogee, etc. Grocery Co.* v. *Durant,* 49 Okla., 395, 153 Pac., 142; *Boise Ass'n*

*of Credit Men* v. *Ellis,* 26 Idaho, 438, 144 Pac., 6, L. R. A., 1915E, 917; *Nolte* v. *Winstanley,* 16 Ariz., 327, 145 Pac.,246; *Gallus* v. *Elmer,* 193 Mass., 106, 78 N. E., 772, 8 Ann. Cas., 1067; *Delbon* v. *Krautwald* (Sup.), 169 N. Y. Supp., 610; *Aibrecht* v. *Cudihee,* 37 Wash., 206, 79 Pac., FBR; *Everett Produce Co.* v. *Smith,* 40 Wash., 566, 82 Pac., 905, 2 L. R. A. (N. S.), 331, 111 Am. St. Rep., 979, 5 Ann. Cas., 798; *Laundry Co.* v. *Lewis,* 86 Conn., 386, 85 Atl., 534, 45 L. R. A. (N. S.), 495; *Balter* v. *Crum,* 199 Mo. App., 380, 204 S. W., 506; *Bowen* v. *Quigley,* 165 Mich., 337, 130 N. W., 690, 34 L. R. A. (N. S.), 218; *Savings Bank* v. *Van Allsburg,* 165 Mich., 524, N. W., 101. *Contra*: *Parham & Co.* v. *Potts-Thompson Liquor Co.,* 127 Ga., 303, 56 S. E., 460; *Plass* v. *Morgan,* 36 Wash., 160, 78 Pac. 784.

Other questions have been disposed of in a memorandum filed in the cause.