C. W. HENDERSON CO. *et al. v.* BREEDEN BROS. *et al.*

(*Knoxville.* September Term, 1923.)

1. **STATUTES.** Amendment to Bulk Sales Law held unconstitutional.

The subject of Acts 1921, chapter 84, attempting to amend Acts 1901, chapter 133 (Bulk Sales Law), so as to subordinate a sale of fixtures employed in a business to the same regulations as a sale of a stock of merchandise, does not appear in its caption, and is not embraced in the caption of the act it purports to amend, in that the title of the attempted amended act authorizes only the regulation of the sale in bulk of a stock of merchandise and not of fixtures, and hence the act of 1921 is void, as violating Constitution, article 2, section 17. (*Post, pp.* 279-281.)

Acts cited and construed: Acts 1901, ch. 133; Acts 1921, ch. 84.

Case cited and approved: Straus Cigar Co. v. Bon March, 142 Tenn., 129.

2. **STATUTES.** If amendment is germane to original act and embraced in title of latter, particulars of amendment act need not be shown in its title.

If the amendment be germane to the original act and embraced in the title of the latter, the particulars of the amending act need not be shown in its title. (*Post, p.* 281.)

Cases cited and approved: Railroad v. Transportation Co., 128 Tenn., 277; Memphis Street Railway Co. v. State, 110 Tenn., 598

---

FROM JEFFERSON.

---

Appeal from the Chancery Court of Jefferson County. —HON. M. H. GAMBLE, Chancellor.

Henderson Co. v. Breeden Bros.

J. CARL LAMBDIN and C. T. RANKIN, for C. W. Henderson Co. and others.

FRANK PARK, JR., for Breeden Bros. and others.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

This is a general creditors' proceedings directed against Breeden Bros., formerly a mercantile firm, engaged in business at Jefferson City. There was an effort by the creditors to set aside a sale of certain trade fixtures made by Breeden Bros., as having been in violation of our Bulk Sales Laws. The sale of the fixtures was set aside by the chancellor, and from this action the purchaser has appealed.

Chapter 133 of the Acts of 1901 undertook to regulate the sales in bulk of stocks of merchandise otherwise than in the ordinary course of trade. This statute has been upheld and construed in many opinions by this court, to which, however, it is not necessary to refer in this connection.

In the case of *Straus Cigar Co.* v. *Bon Marche,* 142 Tenn., 129, 218 S. W., 219, we held that chapter 133 of the Acts of 1901 was only intended to regulate the sale of such articles as the merchant keeps for sale in the ordinary course of his business, and that the statute had no application to fixtures employed in connection with the business.

Thereafter the legislature enacted chapter 84 of the Acts of 1921. The title of the last act is as follows:

"An act to amend chapter 133 of the Public Acts of 1901 entitled 'an act to provide the terms upon which sales in

bulk of stocks of merchandise or of any portion thereof otherwise than in the ordinary course of trade may be made.' "

The act of 1921 then provided that the act of 1901 should be amended so as to apply to "trade fixtures or equipment employed in such business." That is, by the amendment a sale of the fixtures was made subordinate to the same regulations as a sale of the stock of merchandise.

It will be noticed that the title of the amendatory act heretofore quoted, while it makes apt reference to the title of the original act, does not in any way indicate the purpose of the amendment. It is insisted that the amendment provided in the act of 1921 is beyond the scope of the title of the act of 1901, and that, since the subject of the act of 1921 does not appear in its own caption, and is not embraced in the caption of the act it purports to amend, therefore the later act was passed in violation of article 2, section 17 of the Constitution, and is unconstitutional and void.

We think this contention must be upheld. Such a result necessarily follows our decision in *Straus Cigar Co.* v. *Bon Marche,* supra. We expressly held in that case that it was not the purpose of the legislature by the act of 1901 to regulate the sale of trade fixtures. In other words, that the prohibition, except upon the conditions named, of "a sale of any portion of a stock of merchandise otherwise than in the ordinary course of trade . . . or a sale of an entire stock of merchandise" did not include the sale of trade fixtures.

The caption of chapter 133 of the Acts of 1901 is restrictive. It is no broader than the body of the act of 1901. On the contrary, the same words exactly are used

both in the title and in the body of the original act. Nothing is included either in the title or the body, except the regulation of the sale in bulk of stocks of merchandise or portions thereof.

It is well setted that, if the amendment be germane to the original act, and embraced in the title of the original act, the particulars of the amending act need not be shown in its title. *Railroad* v. *Transportation Co.,* 128 Tenn., 277, 160 S. W., 522, *Memphis Street Railway Co.* v. *State,* 110 Tenn., 598, 75 S. W., 730, and cases cited.

Regulation of the sale of trade fixtures cannot be said to be embraced in the title of the original Bulk Sales Act. That title only authorizes the regulation of the sale in bulk of a stock of merchandise or any portion thereof, and we have held, after full consideration, that such terms did not indicate fixtures.

The argument made to show that the amendment attempted by the act of 1921 is germane and embraced within the title of the act of 1901, is of necessity the same argument that was made in the effort to show that the act of 1901, regulating the sales of stocks of merchandise, also regulated the sales of trade fixtures. This argument was weighed and rejected in *Straus Cigar Co. v. Bon Marche,* and that case is conclusive of the matter before us.

We are of opinion, therefore, that the chancellor was in error in holding chapter 84 of the Acts of 1921 to be valid.

We think this act is unconstitutional and void.

Reversed and remanded for further proceedings.