WAYLAND W. BARTLETT v. ADALINE L. HAVILAND.

*Fixtures—Machinery—Estoppel.*

1. Machines placed in a building by a tenant, and fastened to the floor by cleats or bolts in such a manner as to be removable without injury to the building, do not become a part of the realty; citing *Scudder v. Anderson*, 54 Mich. 126; *Conrad v. Mining Co.*, Id. 249.
2. A husband who witnesses and takes the acknowledgment of a mortgage executed by his wife on land upon which there is a building of which he has possession, and in which he has placed machinery in such a manner as not to be a part of the realty, and which the mortgagee does not suppose to be covered by the mortgage, is not estopped from asserting title to the machines as against an assignee of the mortgage, who made no examination of the property or inquiries as to who was in possession before taking the assignment, and who has bid in the premises at foreclosure sale.

Error to Grand Traverse. (Ramsdell, J.) Argued June 15 and 16, 1892. Decided July 28, 1892.

Trover. Defendant brings error. Affirmed. The facts are stated in the opinion.

*Pratt & Davis,* for appellant, contended:

1. If the property was so attached to the realty that had it been owned by plaintiff's wife it would have been covered by the mortgage, knowledge on the part of the plaintiff of the giving of the mortgage, his witnessing its execution and taking the acknowledgment, estop him from claiming title thereto

as effectually as though he had united in its execution; citing *Coleman v. Manufacturing Co.*, 38 Mich. 30; *Morse v. Byam,* 55 Id. 595; *Tracy v. Lincoln,* 145 Mass. 357; *Bank v. Morgan,* 117 U. S. 108; *Nevett v. Berry,* 5 Cranch, C. C. 291.

2. Defendant was a *bona fide* purchaser, and acquired title to the note and mortgage freed from all latent equities between the parties; citing *Dutton v. Ives,* 5 Mich. 515; *Helmer v. Krolick,* 36 Id. 371; and proof of any secret exceptions or reservations between the parties is inadmissible; citing *Stevens v. Rose,* 69 Mich 259; *Knowlton v. Johnson,* 37 Id. 47; *Van Slyck v. Skinner,* 41 Id. 186.

*Dunham & Preston,* for plaintiff, contended:

1. One purchasing or taking a mortgage of premises in the possession of a tenant is bound to inquire into the nature and existence of the tenant's interest, and is affected with notice of that interest, whatever it may be; citing *Cunningham v. Pattee,* 99 Mass. 248; and such possession is held to be notice of a collateral agreement held by the tenant for the purchase of the property; citing *Knight v. Bowyer,* 23 Beav. 609; *Taylor Stibbert,* 2 Ves. 437; *Kerr v. Day,* 14 Penn. St. 112.

2. A purchaser who is put upon inquiry by the facts and circumstances within his knowledge is chargeable with notice of whatever such inquiry would have imparted. If he abstained from inquiry, whether designedly for the purpose of avoiding knowledge, or negligently, he cannot be regarded as a *bona fide* purchaser without notice; citing *Allen v. McCalla,* 25 Iowa, 464; and the general rule is that notice sufficient to make inquiry a duty is notice of all that by reasonable inquiry would have been ascertained; citing Adams Equity, 151; 1 Story, Eq. Jur. § 400; *Daniels v. Davison,* 16 Ves. 249.

3. Actual possession of land by one who holds an unrecorded bond for a deed is notice of his rights to one who takes a mortgage on the land from the vendor, and the mortgagee will take a lien only on the vendor's right; citing *Doolittle v. Cook,* 75 Ill. 354.

4. The purchaser or mortgagee of land that is occupied by some one other than the grantor or mortgagor is bound to inquire of the occupant as to the latter's rights, and, if he does not, is chargeable with notice of them; citing *McKee v. Wilcox,* 11 Mich. 358; *Allen v. Cadwell,* 55 Id. 8.

5. Actual possession of land is notice of the title of the party in possession, whatever it may be, and not merely of that which the registry may happen to disclose; citing *Russell v. Sweezey,* 22 Mich. 235; and such possession is notice to a purchaser that

the holder has an interest in it, even though no deed to him is recorded; citing *Hommel v. Devinney*, 39 Mich. 523.

6. Immediate possession and constant occupancy by one who holds under a land contract operate as full notice of his rights under the contract, so far, at least, as concerns inclosed premises; citing *Seager v. Cooley*, 44 Mich. 14; *Weisberger v. Wisner*, 55 Id. 246; *Michie v. Ellair*, 54 Id. 518.

7. The possession of a tenant is notice to a purchaser of the actual interest the tenant may have in the premises; citing *Stevens v. Castel*, 63 Mich. 111; *Twiss v. George*, 33 Id. 253; *Railroad Co. v. Brown*, 37 Id. 533; and one purchasing premises in the possession of a tenant is bound to make inquiry of the tenant as to his rights, and purchases subject to whatever rights the tenant in possession may have.

GRANT, J.   This is an action of trover for the conversion of 1 shingle-mill frame, 1 knot-sawing machine and arbor, 7 small circular saws, 200 feet of belting, 50 feet of shafting, 20 pulleys, 1 gumming machine complete, 1 shingle jointer complete, 1 wheelbarrow, 1 crowbar, 1 cant-hook, and 1 edger complete.   Plaintiff had verdict and judgment.

The evidence tended to show the following facts:  In 1872 a copartnership, composed of the plaintiff and two others, under the firm name of Bartlett, Bonny & Saxton, owned a piece of land upon which was situated a portable steam saw-mill, containing a boiler, engine, and double circular mill, with some belting, which was covered by a building so that it could be taken out without injury.   The firm, while owning both the land and the mill, gave a mortgage on the land, and a chattel mortgage upon the mill and machinery, to one Gregg.   Subsequently plaintiff acquired the interest of his partners in both the land and the mill.   This was in 1873.   In 1876 the real-estate mortgage to Gregg was foreclosed.   After the foreclosure plaintiff continued in possession of both the land and the mill as tenant.   In 1880 the purchaser of the land at the foreclosure sale sold and conveyed it to plaintiff's

wife, taking back a mortgage for part of the purchase price. Subsequently this mortgage was discharged, and Mrs. Bartlett gave a real-estate mortgage to Gage, who was evidently the purchaser at the foreclosure sale, for $200, dated January 14, 1884. Gage knew that plaintiff was in possession of the premises, and understood that he claimed to be running the mill, and had some machinery there, and he did not suppose that his mortgage covered the machinery. This mortgage was assigned by Gage to the defendant, who did not examine the property, and made no inquiries as to who was in possession. The property now in dispute was placed upon the premises after the execution of the first mortgage, and before the execution of the second mortgage by Mrs. Bartlett to Gage. Plaintiff took his wife's acknowledgment to the second mortgage. This mortgage was foreclosed, and the land bid in by the defendant. After the time of redemption had expired she took possession of the land, and of this property, claiming that it was covered by the mortgage. The machines were fastened to the floor by cleats or bolts, in such a manner that they could be removed without injury to the building, while the saws were hung upon hooks.

1. It was said by this Court in *Scudder v. Anderson*, 54 Mich. 126:

"It is impossible to regard personal property capable of removal from the land, which does not belong to the land-owner, as part of the realty."

Upon the question of fixtures this case is ruled by that case, and *Conrad v. Mining Co.*, 54 Mich. 249. Plaintiff was a tenant at the time he placed the machines upon the land. There was therefore no unity of title to the realty and the machinery. There is no conflict about the material facts, and the court would have been justified

in instructing the jury that the property had not become a part of the realty.

2. I see no reason in holding that plaintiff is estopped to assert title by the fact that he witnessed and took the acknowledgment of his wife's mortgage. There was nothing in the mortgage to indicate that it covered this property. Plaintiff was in possession, the mortgagee knew it, and understood that he claimed the property. The assignee of the mortgage occupies in this case no other or different position from that of her assignor. There is no room for the doctrine of estoppel.

Objections were raised to the admission of certain evidence, and to portions of the charge of the court, but under the above disposition of the case they become immaterial.

The judgment is affirmed.

The other Justices concurred.