BOWEN *v.* QUIGLEY.

1. FRAUDULENT CONVEYANCES — BULK SALES ACT — WORDS AND PHRASES—MERCHANDISE.

The bulk sales law (Act No. 223, Pub. Acts 1905) does not apply to a transfer of horses, wagons, harnesses, coal bags, and other implements used in the coal business, where no coal or other merchandise or fixtures were included in the conveyance.[1]

2. SAME—STATUTES—WORDS AND PHRASES—TRADE FIXTURES.

The word fixtures as used in the statute must be construed to apply to such chattels as merchants usually possess and annex to the premises occupied by them to enable them the better to store, handle, and display their goods and wares—sometimes called trade fixtures.

Error to Wayne; Rohnert, J. Submitted February 21, 1911. (Docket No. 24.) Decided March 31, 1911.

Garnishment proceedings by William F. Bowen against Robert M. Quigley in justice's court. Defendant appealed to the circuit court, from a judgment against him. A judgment for defendant on a verdict directed by the court is reviewed by plaintiff on writ of error. Affirmed.

*Harry L. Schellenberg,* for appellant.

*George F. & Peter J. Monaghan,* for appellee.

BIRD, J. The plaintiff sued George Glazier in justice's court, and garnished the defendant, Quigley. A judgment for $390.11 damages and $2 costs passed against Glazier. Later a judgment for a like amount was rendered against the defendant. The defendant appealed to the circuit court, where the judgment resulted in his

---

[1] As to what kind or classes of property are within the operation of bulk sales statutes, see note in 25 L. R. A. (N. S.) 758.

favor.   The plaintiff brings the case to this court for review.

The basis of the garnishee suit was the purchase by defendant of certain personal property from the principal defendant, Glazier.   Glazier had been a retail coal dealer, and had become indebted to plaintiff for coal.   While so indebted, he sold his coal business and certain personal property to the defendant for $450.   The personal property was conveyed by bill of sale, and consisted of the following articles:

"1 reach lumber wagon; harness complete; 2 horse covers; 2 city boxes; 1 mud box; about 30 coal bags, more or less; 2 forks; 2 shovels; single reach wagon; 2 coal screens; 3 metal baskets; horse covers; 1 team of bay horses; 1 dump wagon; 1 circle coal wagon; 1 desk; 1 safe; baskets; chairs; stove; sleigh runners; extra horse collars and harnesses; chutes; all books pertaining to business."

In making the sale it is claimed by plaintiff that the bulk sales law (Act No. 223, Pub. Acts 1905) was transgressed, in that the statutory notice to creditors was not given.   When the case was heard in circuit court, it was conceded that the notice to creditors was not given.   The defendant insists that no notice to creditors was necessary, for the reason that the sale did not come within the statute, first, because no merchandise was sold, and, second, because the personal property conveyed by the bill of sale does not constitute "fixtures."   The trial court took defendant's view of the case and directed a verdict in his behalf.   The plaintiff now insists that the trial court was in error upon both of those propositions.

Did the defendant purchase any merchandise?   There was considerable testimony directed to the question as to whether there was any coal on hand at the time the purchase was made.   It appears that there was some, but that Glazier reserved it and afterwards sold it out before the defendant commenced business.   It is not very important, as the defendant testifies that he purchased nothing

except what was mentioned in the bill of sale, and this does not seem to be denied. The court was not in error in holding, under the testimony, that there was no sale of merchandise.

Were the articles conveyed by the bill of sale "fixtures" within the meaning of the bulk sales law? The language of the act provides in part that:

"The sale, transfer, or assignment, in bulk, of any part or the whole of a stock of merchandise, or merchandise and fixtures pertaining to the conducting of said business, otherwise than in ordinary course of trade, and in the regular and usual prosecution of the business of the seller, transferor or assignor shall be void," etc.

Inasmuch as this law is aimed at the business of merchants, we think the word "fixtures," as used in the statute, must have reference to such chattels as merchants usually possess and annex to the premises occupied by them, to enable them the better to store, handle, and display their goods and wares. Such chattels when annexed to the premises become fixtures. They are generally removed without material injury to the premises at or before the end of the tenancy. They are sometimes called trade fixtures. 13 Am. & Eng. Enc. Law (2d Ed.), p. 648; *Bartlett* v. *Haviland*, 92 Mich. 552 (52 N. W. 1008).

It is suggested that by reason of the words "pertaining to the conducting of said business" the statute should be given a broader meaning than it otherwise would be given, and be made to include the furniture, tools, vehicles, and appliances which were used in and about the conducting of the coal business. We are not persuaded that the legislature has indicated by the language made use of that it intended the word "fixtures" should have any other or different meaning than is usually given to it in the relation of landlord and tenant. It is probably true that the act could be made more effective if we were to give the word "fixtures" the enlarged meaning claimed for it, but we do not feel that the language of the statute

will justify us in so doing. If the legislature has stopped short of making it an effective act, it is not the business of this court to finish the legislation by construction.

Applying the rule which we have indicated must be the test in such cases, we are of the opinion that none of the articles mentioned in the bill of sale comes within that term. There is nothing about them that would suggest that they are capable of being annexed in any way to the premises. We think the court was right in holding that they were not fixtures within the meaning of the bulk sales law.

The judgment of the trial court is affirmed.

HOOKER, BROOKE, and STONE, JJ., concurred with BIRD, J.

MOORE, J. As a stock of merchandise was not sold, the statute does not apply, and for that reason I concur in the result.