Heslop et al. v. Golden, 189 Ill. App. 388.

---

### J. H. Heslop and H. W. Ryland, trading as Heslop-Ryland Desk Company, Plaintiffs in Error, v. Marcus J. Golden, Defendant in Error.

### Gen. No. 20,215.

1. FRAUDULENT CONVEYANCES, § 2*—*Bulk Sales Law construed.* "Other goods and chattels of the vendor's business," within the meaning of the Bulk Sales Law, does not mean any and all fixtures, goods or chattels used in any trade or business, but is limited to those used in connection with the business of selling merchandise, commodities or other wares, under Hurd's Rev. St. 1913, ch. 38a, §§ 4-6.

2. FRAUDULENT CONVEYANCES, § 2*—*what property covered by the Bulk Sales Law.* Where one is engaged in running an employment agency, his desk, chair, filing case, rug and other articles of office furniture are not affected by the Bulk Sales Law such as to render a sale of the same void and fraudulent as to creditors, under Hurd's Rev. St. 1913, ch. 38a, §§ 4-6.

Error to the Municipal Court of Chicago; the Hon. JOHN K. PRINDIVILLE, Judge, presiding. Heard in this court at the March term, 1914. Reversed and judgment here. Opinion filed November 9, 1914. Rehearing denied November 23, 1914.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

P. R. BOYLAN, for plaintiffs in error.

ARTHUR SHUTAN, for defendant in error.

MR. JUSTICE McSURELY delivered the opinion of the court.

In this replevin suit the trial court denied the right of property in plaintiffs on the ground that plaintiffs had obtained the same in violation of the so-called Bulk Sales Law (Hurd's Illinois Statutes 1913, p. 906).

The facts are that one Charles A. Straw rented desk space from the defendant, Golden, in a suite of rooms at No. 19 South La Salle street, Chicago. The tenancy was by the month, and Straw conducted there an employment agency. He had a desk, a chair, a filing case, a rug and a few other articles of office furniture. He sold nothing from said office, and had no connection with or semblance to a mercantile establishment. Straw sold his furniture to the plaintiffs and left the building. Plaintiffs made a demand of the defendant, Golden, for the furniture but he refused to give it up, whereupon this replevin suit was commenced.

We hold that this property does not come within the operation of the Bulk Sales Law. This statute provides, in part, that: "The sale, transfer, or assignment in bulk of the major part or the whole of a stock of merchandise, or merchandise and fixtures or other goods and chattels of the vendor's business * * * shall be fraudulent and void as against the creditors of the said vendor, unless," etc. It is claimed that the words "other goods and chattels of the vendor's business" mean any and all fixtures, goods or chattels which may be used in any trade or business. We do not give these words, as used in the statute, so broad a meaning. We construe them to mean "other goods and chattels" used in connection with the business of selling merchandise, commodities or other wares. The office furniture of an employ-

ment agency is not so used and is not affected by this statute.

The judgment of the Municipal Court is reversed, and we find that the right of property is in the plaintiffs, and judgment for plaintiffs is entered in this court, plaintiffs having retained the property replevined.

*Reversed and judgment here.*