Fisk Rubber Company, Inc., *v.* Hinson Auto Company.

Opinion delivered March 30, 1925.

FRAUDULENT CONVEYANCES—BULK SALES LAW—AUTOMOBILE REPAIR SHOP.—Where a business alleged to have been sold in violation of the Bulk Sales Law (Crawford & Moses' Dig., § 4870) was an automobile repair shop, in which various accessories were kept for the purpose of repairing cars, the sale of such accessories apart from making repairs constituting an inconsequential part of the business, *held* that the chancellor properly found that such business was not a mercantile business nor the accessories a "stock of merchandise," within the meaning of the bulk sales law.

Appeal from Union Chancery Court, Second Division; *George M. LeCroy,* Chancellor; affirmed.

*Zeb. A. Stewart and T. P. Oliver,* for appellant.

*Mahony, Yocum & Saye,* for appellees.

SMITH, J. Appellant brought suit in the chancery court of Union County against W. G. and George Rash, who had been engaged in business as the Reliable Auto Company, for an amount due on open account, and against E. W. Hinson, trading as the Hinson Auto Company, to charge him, as a receiver of goods, wares and

merchandise purchased by him from the Reliable Auto Company. It was alleged in the complaint that Hinson purchased the stock of merchandise owned by the Reliable Auto Company in bulk, without complying with §§ 4870 to 4872, inclusive, C. & M. Digest, commonly known as the bulk sales law.

No answer was filed by the Rashs, and judgment was rendered against them for the want of an answer. Hinson filed a separate answer denying the material allegations of the complaint. No attempt was made to show that the provisions of the bulk sales law were complied with; on the contrary, it was alleged in the answer that the sale was not within the provisions of that statute, for the reason that the business sold was a repair business and not a stock of merchandise.

The complaint was dismissed as being without equity as against the Hinson Auto Company, and the question involved on the appeal is the one of fact whether the business sold was a mercantile business within the meaning of the bulk sales statute.

In support of the allegations of the complaint, Howard Lyon was first called as a witness. He testified that he was a salesman for the plaintiff, and, during the years 1921 and 1922, sold various automobile supplies to the Reliable Auto Company, amounting, in the aggregate, to $489.57, and this suit was brought to collect this amount. Lyon testified that the Reliable Auto Company had a garage, in which they made repairs on automobiles and carried a stock consisting of spark plugs, wires, tires, and other articles of that character; that they also kept service cars, and sold tires, casings, and other automobile accessories to the public. He did not know just what articles were embraced in the sale, but he was in the garage after the sale, and it looked as it had before. This witness further testified that he saw a sale by the Reliable Auto Company of four cord tires, which were put on a car by the purchaser at the time of the sale. He further testified that the Reliable Auto Company kept ser-

vice cars, and sold tires, casings and other automobile accessories to the public.

The letterhead of the Reliable Auto Company was introduced in evidence as indicating the business of that concern, and it reads as follows: "Painting, Accessories, Reliable Auto Company; Upholstering, Fisk Tires, 312 West Main Street, Telephone No. 888. Road Service—Anywhere—Any Time. Cars Washed, Polished and Greased. Open Day and Night." It appears, however, that this was a letterhead furnished by the plaintiff, and that it was the custom of plaintiff to furnish such advertising matter to its customers.

A witness named Evans testified that he was in the place of business of the Reliable Auto Company, and was told by the person in charge that various automobile parts and accessories were kept for sale, although he made no purchase of any kind himself.

The third and last witness called by the plaintiff was J. T. Jones, who testified that he had been employed as a mechanic both by the Reliable Auto Company before the sale and by the Hinson Auto Company afterwards, and that the business was conducted in the same manner after the sale as it had been before. He testified, however, that the business was a repair shop, operated in connection with a sales agency for a standard automobile, and that the business carried on, besides the sale of cars, was the general repair of automobiles, special repair of casings, and vulcanizing, and storing cars. The vulcanizing was carried on in the front part of the place of business, and the business was run by him and another mechanic and two negro helpers, in the back end of the shop, together with four boys, and that Mr. Rash stayed out in front. Jones further testified that the parts and accessories kept on hand were kept to be used in connection with the repair business carried on, and, according to this witness, if there were any articles of merchandise or auto parts sold he did not know it, and the business was just a repair shop, and if anything was

sold it was adjusted to the car at the time of the sale as a part of the repair of the car.

By § 4870, C. & M. Digest, it is provided that "the sale, transfer or assignment, in bulk, of any part of or the whole of a stock of merchandise, or merchandise and the fixtures pertaining to the conduct of any such business, otherwise than in the ordinary course of trade and in the regular prosecution of the business of the seller, * * * shall be void as against the creditors of the seller * * *."

Here there was a sale of the entire business, but the question is whether there was a stock of merchandise within the meaning of the statute. A stock of merchandise might, of course, consist solely or largely of automobile parts and accessories, but we have concluded that the finding of the court below that there was no sale of a stock of merchandise is not clearly against the preponderance of the evidence. The business sold was primarily and essentially a repair shop, including an agency for the sale of cars, but it is not contended that any automobiles were included in the sale. To carry on this business it was essential that various parts be kept in stock, but such parts were kept ordinarily for use in repairing cars, and the articles were usually adjusted to the cars of the purchaser.

The case of *Fisk Rubber Co.* v. *Hayes,* 131 Ark. 248, is relied upon by plaintiff as sustaining its contention that the sale was in violation of the bulk sales law. In that case we said the bulk sales law was passed by the Legislature to protect the rights of creditors from fraudulent sales of property upon which credit had been extended, but we refused to hold the purchaser in that case liable under the provisions of the bulk sales law because the portion of the stock sold was inconsequential when compared with the amount and value of the entire stock.

Here there was a sale of the entire business, but we think the court was warranted in finding that the Reliable

Auto Company did not carry a stock of merchandise within the meaning of the bulk sales law, and that the principal business of that company was repair work, and that such supplies as it carried were carried as an incident to that business, and such sales as were made constituted an inconsequential part of the principal business.

A merchant ordinarily sells his stock of goods in substantially the same condition as he receives them, and the value of his stock is not ordinarily enhanced by any act of the merchant while the goods are in his possession; while here it was contemplated that some service should be rendered the purchaser of any part of what is called the stock on hand.

In the case of *Swift & Co.* v. *Tempelos,* 101 S. E. 8, 7 A. L. R. 1581, the Supreme Court of North Carolina, in construing a statute of that State substantially similar to our own, said that the word "merchandise" is usually, if not almost invariably, limited to things which are ordinarily bought and sold in the way of merchants, and as the subjects of commerce and traffic, and held that the goods and fixtures used in a restaurant conducted on the ordinary plan are not a stock of merchandise within the meaning of the bulk sales law. There is an extended annotator's note to the case distinguishing sales which are or are not within the provisions of the bulk sales law.

In the case of *Swanson* v. *DeVine,* 49 Utah, 1, 160 Pac. 872, a business operated under the name of Goodyear Shoe Repair Factory was sold. The business consisted of machinery, tools of trade, heel plates and cushions, laces, spools of thread, shoe soles, leather polish, brushes, etc., the same being used in the repair of shoes, items of which were displayed in a showcase and were sometimes sold at retail. The Supreme Court of Utah held that the owners of this business, who sold it in bulk, were not merchants within the meaning of the bulk sales law of that State. In the opinion the court said: "We think

the words 'trade' and 'business' are there (the statute of that State) used in the sense of a trade in or business relating to merchandise or a stock of goods—carrying on a business or trade in merchandise—and not in the sense of an occupation, handicraft, or a business distinct from merchandise.''

It might appear from the very size of the plaintiff's account that the Reliable Auto Company carried a considerable stock, but it will be remembered that this account covered sales to the plaintiff extending over a period of two years, and there is no definite showing how much, if any, of these supplies were included in the sale.

So here we conclude that the business sold was not a mercantile business within the meaning of our bulk sales law, and the decree of the court below is affirmed.