## HOJA v. MOTOC.

1. EXEMPTIONS—PERSONAL RIGHT WHICH DOES NOT PASS.

   Exemption is a personal right, which did not pass from the seller to the purchaser of the stock and fixtures of a grocery and meat market, where the bulk sales law was not complied with.[1]

2. FRAUDULENT CONVEYANCES — BULK SALES LAW — BUSINESS TEMPORARILY ARRESTED BY FIRE.

   Damage by fire to a grocery and meat market, which could have been remedied, did not render the bulk sales law (2 Comp. Laws 1915, § 6346 et seq.) inapplicable to the sale of the business while the store was closed by reason thereof.[2]

3. SAME—ARTICLES USED IN CONDUCTING BUSINESS "FIXTURES."

   A cash register, refrigerator, computing scale, marble counter, press, kettle, stove, meat block, refrigerator counter, safe, account file, sausage machine, etc., not being merchandise intended for sale, but being used in conducting a grocery and meat market, are fixtures within the meaning of the bulk sales law.[3]

4. APPEAL AND ERROR—PLAINTIFF NOT APPEALING MAY NOT COMPLAIN OF DECREE ON APPEAL.

   Plaintiff, who did not appeal from the decree rendered, may not complain, on appeal, that it should have been for a larger amount.[4]

5. FRAUDULENT CONVEYANCES—ACTION AT LAW AID TO CREDITOR IN SUIT UNDER BULK SALES LAW.

   A creditor of one who sold his business without complying with the bulk sales law is not precluded from bringing suit to have the purchaser declared a receiver of the business for the benefit of creditors because a judgment in his favor was rendered in an action at law before the suit

---

[1]Bankruptcy, 7 C. J. § 644; Exemptions, 25 C. J. § 189; [2]Fraudulent Conveyances, 27 C. J. § 889 (Anno); [3]Id., 27 C. J. § 889; [4]Appeal and Error, 4 C. J. §§ 2603, 2637.

Application of bulk sales law to exempt property, see note in 45 L. R. A. (N. S.) 497.

What are fixtures within meaning of bulk sales law, see note in 34 L. R. A. (N. S.) 218.

was started, since said action was an aid and not a hindrance to plaintiff.[5]

Appeal from Wayne; Collins (Joseph H.), J., presiding. Submitted April 14, 1926. (Docket No. 84.) Decided June 7, 1926. Rehearing denied October 4, 1926.

Bill by Nick Hoja against Andy Motoc and Tom Peterson to have defendant Motoc declared to be a receiver for the benefit of creditors of defendant Peterson. Ernest J. Landry, trustee in bankruptcy of defendant Peterson, intervened as a party defendant. From the decree rendered, defendant Motoc appeals. Affirmed.

*Robert B. Murchie,* for plaintiff.

*Earl L. Shimer,* for defendant Landry.

*Daniel P. Cassidy,* for defendant Motoc.

WIEST, J. Tom Peterson owned and operated a grocery and meat market. He owed plaintiff $1,000. Without complying with the bulk sales law (2 Comp. Laws 1915, § 6346 *et seq.*), Peterson sold the stock and fixtures to defendant Motoc for $1,350. Plaintiff, as creditor of Peterson, filed the bill herein to have Motoc declared receiver of the property for the benefit of Peterson's creditors. Defendant Landry, as trustee in bankruptcy of Peterson, a bankrupt, intervened and asked that Motoc pay him the value of the property for the benefit of the creditors of the bankrupt. Motoc claimed that, a few days before his purchase, fire had rendered the merchandise practically worthless and had damaged the fixtures. Motoc appealed from a decree requiring him to pay the trustee in bankruptcy the sum of $643.50 for the benefit of Peterson's creditors.

Motoc insists he has a right to Peterson's exemption

[5]Fraudulent Conveyances, 27 C. J. § 904 (Anno).

of property to the value of $250.   Motoc is not entitled to have Peterson's exemption set out to him, for Peterson's right thereto was personal and did not pass to Motoc.   *J. L. Hudson Co.* v. *No-Name Hat Co.,* 174 Mich. 109.

The store was closed when Motoc purchased, and the claim is advanced that the bulk sales law does not apply.   An arrest of business by such untoward circumstances, which could be remedied and the business continued, does not prevent the application of the bulk sales law.   Motoc claims he purchased a cash register, large refrigerator, computing scale, marble counter, large press, 30-gallon kettle and stove, meat block, refrigerator counter, safe, account file, sausage machine, etc., and these were not fixtures within the meaning of the bulk sales law.   We notice Motoc purchased these articles to equip a market he was about to establish.   None of the articles mentioned constituted merchandise intended for sale in the course of business, but all fall within the term fixtures pertaining to the conducting of the business carried on by Peterson.   The point is ruled against defendant's contention in *Bowen* v. *Quigley,* 165 Mich. 337 (34 L. R. A. [N. S.] 218), where it was stated:

"Inasmuch as this law is aimed at the business of merchants, we think the word 'fixtures,' as used in the statute, must have reference to such chattels as merchants usually possess and annex to the premises occupied by them, to enable them the better to store, handle, and display their goods and wares.   *   *   * They are sometimes called trade fixtures."

The evidence sustains the amount fixed in the decree.   Plaintiff insists the decree should have been for a larger sum.   Plaintiff, not having appealed, must rest content with the decree in the circuit. Motoc also claims suit was brought by plaintiff at law before the suit in chancery.   Judgment in the suit at law was rendered before the hearing of the chancery

case. Such suit was an aid and not a hindrance to plaintiff. *Newcomb* v. *Montague*, 205 Mich. 80.

The decree in the circuit is affirmed, with costs to plaintiff.

BIRD, C. J., and SHARPE, SNOW, STEERE, FELLOWS, CLARK, and MCDONALD, JJ., concurred.