McPARTIN *v.* CLARKSON.

· 1. ATTACHMENT—LEVY ON POOL TABLES LEFT IN POSSESSION OF ATTACHMENT DEBTOR AFFORDS NO PROTECTION AGAINST INNOCENT PURCHASER.

An attachment levy on two of six pool tables, which were not identified in the sheriff's inventory and appraisal, and which were left in the apparently unrestricted possession of the attachment debtor, afforded no protection to the attaching creditor and officers as against a subsequent innocent purchaser from whom they were later taken and sold.

2. FRAUDULENT CONVEYANCES—BULK SALES LAW — POOL TABLES NEITHER "MERCHANDISE" NOR "FIXTURES."

Under the bulk sales law (2 Comp. Laws 1915, § 6346 *et seq.*) pool tables being operated in connection with a tobacco and candy store are neither "merchandise," meaning such things as are usually bought and sold in trade by merchants, nor "fixtures," meaning such chattels as merchants usually possess and annex to the premises occupied by them to enable them the better to store, handle, and display their goods and wares, and therefore their sale by the owner without compliance with said law did not make the sale invalid.

3. SAME—EVIDENCE OF SALE ADMISSIBLE—BULK SALES LAW NOT APPLICABLE.

In an action by an innocent purchaser of pool tables against the attaching creditor and officers who took and sold them after the sale to plaintiff, the trial court was in error in refusing to admit in evidence the bill of sale to plaintiff on the ground that the sale was invalid because of noncompliance with the bulk sales law; said law not being applicable.

Error to Washtenaw; Sample (George W.), J.  Sub-

[1]Attachment, 6 C. J. § 454; [2]Fraudulent Conveyances, 27 C. J. § 889; 34 L. R. A. (N. S.) 218; 7 A. L. R. 1589; 12 R. C. L. 527; 2 R. C. L. Supp. 1446; 6 R. C. L. Supp. 714; [3]Id., 27 C. J. § 889.

mitted June 8, 1927.     (Docket No. 45.)     Decided
October 3, 1927.

Case by Miles McPartin against Edgar B. Clarkson
and others for the conversion of certain pool tables.
Judgment for defendants on a directed verdict. Plain-
tiff brings error.     Reversed.

*A. J. Waters,* for appellant.

*F. M. Freeman* and *Carl A. Lehman,* for appellees.

CLARK, J.     On February 1, 1924, Frank Cahill, con-
ducting a pool room and cigar and candy stand, occupied
a store building in Manchester, as a tenant of de-
fendant Clarkson, and was delinquent for rent in the
sum of $140.     Clarkson sued out a writ of attachment
which the sheriff, defendant Robison, levied on two
of six pool tables.     It is sufficient to say of this levy
that the sheriff did not take actual possession of the
two tables; his inventory and appraisal did not identify
two particular tables; and they were left in the full
possession of the defendant.

On December 11, 1925, the sheriff came back with
an execution in the cause, and, aided by his deputy, de-
fendant Lindbert, took thereon two of the tables and
sold them.     Plaintiff offered evidence to show that in
the meantime and on May 16, 1924, he had bought
from Cahill and had paid him value therefor, innocently
and without knowledge or notice of the claimed at-
tachment levy, all the tables, the stock of tobacco and
candy and certain other personal property, including
household goods, but the evidence, particularly the bill
of sale, was excluded on the ground that the sale had
been made without compliance with the bulk sales law
(2 Comp. Laws 1915, § 6346 *et seq.*).     Plaintiff's
action is against the sheriff, his deputy, and the ex-

ecution plaintiff, Clarkson.    A verdict was directed
for defendants, and plaintiff brings error.

The claimed attachment levy as stated and the leav-
ing the tables in the apparently unrestricted possession
of the defendant afforded no protection as against plain-
tiff, if he was, as he contends, an innocent purchaser.
The duty of an officer with respect to levy is fully set
forth in *Quackenbush* v. *Henry*, 42 Mich. 75.    The
bulk sales law relates to "a stock of merchandise or
merchandise and the fixtures pertaining to the conduct-
ing of said business."    "Merchandise" here means
"such things as are usually bought and sold in trade by
merchants."    *People's Savings Bank* v. *Van Allsburg*,
165 Mich. 524.    "Fixtures" here means "such chattels
as merchants usually possess and annex to the premises
occupied by them to enable them the better to store,
handle and display their goods and wares."    *Bowen*
v. *Quigley*, 165 Mich. 337 (34 L. R. A. [N. S.] 218).
And see *Hoja* v. *Motoc*, 235 Mich. 258.

If Cahill's business had been limited to pool, he
might have sold his tables without reference to the
bulk sales law, as they would be neither merchandise
nor fixtures within the meaning of the act.    Did the
fact that he also conducted in the pool room a tobacco
and candy stand make the pool tables fixtures under
the act?    It did not.    It may be that tobacco and
candy are usually sold in the pool rooms.    But pool
tables are not such chattels as tobacco and candy mer-
chants or either of them "usually possess and annex
to the premises occupied by them to enable them the
better to store, handle and display their goods and
wares."    The sale of the merchandise, tobacco and
candy, may have been void as to creditors because of
the bulk sales law, but the sale of the tables was not
for that reason invalid.

Plaintiff should have been permitted to adduce evi-
dence, including his bill of sale, that he purchased

the tables as he claims.    That the bill of sale might have been admissible on other grounds we are not called upon to discuss.

Decision of no other question is required.

Judgment reversed, with costs to plaintiff.    New trial granted.

SHARPE, C. J., and BIRD, SNOW, STEERE, FELLOWS, WIEST, and MCDONALD, JJ., concurred.