Gaspee Cab Co.
vs.  No. 83319.
Francis L. McGovern et als.

October 27, 1930.

BLODGETT, P. J. Heard jury trial waived.

Action of replevin to recover 14 automobiles. The sole question involved is as to title at time of attachment.

These automobiles were the property of the Roxy Cab Co., Inc. The Roxy Cab Co. sold same to the Gaspee Cab Co. for $15,000, which sum was duly paid at time of transfer, said transfer being made by nomination of one James J. Mitchell. Said Mitchell, at time of transfer, made an affidavit as to a complete list of all creditors, but it is admitted that there was no five-day notice given to creditors as required by General Laws, Chapter 311.

The question is: Was the sale invalid as contrary to General Laws 1923, Chapter 297, or contrary to Chapter 311?

As to Chapter 297, treating of fraudulent intent, or conspiracy, on the part of either buyer or seller. There is evidence that a valuable consideration, viz.: $15,000, was paid at time of sale.

The fact of insolvency on the part of the Roxy Cab Co. is not of itself sufficient to set aside a sale for valuable consideration.

*Coombs* vs. *Aborn*, 29 R. I. 43.

The Court is of the opinion that the sale was not invalid as contrary to Chapter 297. The sole ground upon which the validity of the sale can be based is that the sale of the taxicabs does not come within the provisions of Chapter 311, which reads as follows:

"Section 1. The transfer of the major part in value of the whole of a stock of merchandise and fixtures, or merchandise or fixtures, otherwise than in the ordinary course of trade and in the regular and usual prosecution of the transferrer's business, whether in one or more parcels or to one or more persons, provided the transfer is all part of substantially one transaction or proceeding or occurs substantially at one time, shall be fraudulent and void as against all persons who are creditors of the transferrer at the time of such transfer unless the transferee demands and receives from the transferrer a written list of the names and addresses of the creditors of the transferrer and certified by him under oath to be to the best of his knowledge and belief, a full, accurate and complete list of his creditors; and unless the transferee shall, at least five days before such transfer notify personally or by registered mail every creditor whose name and address are stated in said list of the proposed transfer.

"Section 2. Transfer under this chapter shall include *sales*, exchanges and assignments, and sellers, transferrers, assignors, transferees, and creditors under this chapter shall include corporations, associations, copartnerships and individuals; but such transfers shall not be deemed to include assignments by executors, administrators, guardians, receivers, assignees for the benefit of creditors, trustees in bankruptcy, or by any public official under judicial process."

The language used in Section 1 relates to "the transfer of the major part in value of the whole of a stock of merchandise and fixtures, or merchandise or fixtures, otherwise than in the ordinary course of trade, and in the regular and usual prosecution of the transferrer's business."

"In view of the stringent nature of the Act (Chap. 311) it is reasonable to infer that the legislature did not intend to extend its operation to any transaction which is not clearly and fairly included in the terms of the act."

*Aristo Hosiery Co.* vs. *Ramsbottom*, 46 R. I. 507.

52

The intention of such legislation has been passed upon similarly in other jurisdictions.

> *Superior Plating Works* vs. *Art Metal Crafts Co.*, 218 Ill., App. 148;
>
> *Avery & Sons* vs. *Carter*, 18 Ga. App. 527;
>
> *Meier Electric & Machine Co.* vs. *Dixon*, 81 Ind. App. 400.

With this strictness of construction as applied to an act of the legislature of a police nature, the question arises as to whether automobiles, used by a company in a taxi business, come within the scope and meaning of the terms "merchandise" or fixtures" as used in Chap. 311.

"Merchandise means something that is sold every day, and is constantly going out of the store and being replaced by other goods."

> *Root Refineries* vs. *Gay Oil Co.*, 171 Ark. 129.

The defendant in his brief relies upon a case decided in Illinois under a somewhat similar statute. The Bulk Sales Act of Illinois, in addition to merchandise and fixtures, includes the words "or other goods and chattels of the Vendor's business." The language of the Illinois statute is much broader than that now in question. The case relied upon is

> *Athon* vs. *McAllister*, 205 Ill. App. 41.

There it was held that a transfer of certain office furniture, horses, colts, wagons, trucks, drays, harness, farm machinery, hogs, pigs, growing corn and the like, used or produced either in the dray and transfer business, or in the business of farming, in which such party had been engaged, came within the Bulk Sales Act of Illinois. On page 43 of said opinion two cases are cited from the same Court, viz.: *H. S. Richardson Coal Co.* vs. *Cermak*, 190 Ill. App. 106, and *Heslop* vs. *Golden*, 189 Ill. App. 388. In the first case it was held that the statute did not apply to the sales of all kinds of personal property, but was intended to apply only to such property as was a part of a "business or trade where in the ordinary course and regular prosecution thereof, the *goods* or *chattels*, whatever they might consist of, are not ordinarily and regularly sold by the owner in bulk."

In the second case the statute was held to apply only to property "used in connection with the business of selling merchandise, commodities or other wares."

The brief of defendant claims that by implication the words "goods and chattels" should be read into Sec. 1 of Chap. 311.

In view of the opinion of our Supreme Court that the statute should be strictly construed as to its terms, being in derogation of the common law rights of the individual, this Court can not so construe this chapter.

There are a number of citations from jurisdictions having similar statutes to that of our State cited in plaintiff's brief, which hold that the Bulk Sales Act is not applicable under somewhat similar circumstances as in present action.

> *Everett Produce Co.* vs. *Smith Bros.*, 40 Wash. 566;
>
> *Balter & Miller* vs. *Crum*, 199 Mo. 380;
>
> *Fisk Rubber Co.* vs. *Hinson Auto Co.*, 168 Ark. 418;
>
> *Bowen* vs. *Quigley*, 165 Mich. 337.

From these authorities the Court is of the opinion that the Bulk Sales Act, Chap. 311 of the General Laws of 1923, is not applicable to the sale in question.

The only question remaining is whether these auto cabs were fixtures under said chapter. They were not kept for sale as ordinary merchandise but were used much in the same manner as a horse and wagon in the days of the livery stable.

The owner of an automobile is at times constrained to admit that his

car is a *fixture* but hardly in the sense of the language of the Bulk Sales Act.

The term *fixture* in law has a definite meaning and it is certainly not applicable to auto cabs.

Decision for the plaintiff for possession, ten cents damages and costs.

For plaintiff: Edwards & Angell, Elmer A. Tufts, Hinckley, Allen, Tillinghast, Phillips & Wheeler.

For defendants: Peter W. McKiernan, John C. Going, Calvert E. Casey.