FLINT CITIZENS LOAN & INVESTMENT CO. *v.* MOSS.

1. FRAUDULENT CONVEYANCES—BULK TRANSFERS.

Purpose of legislation covering transfer of interest in goods in bulk is to prevent purchase of a stock of merchandise from various persons·on credit and then transferring it out in bulk for purpose· of defrauding creditors who extended credit.

2. SAME—BULK MORTGAGE ACT—FIXTURES.

The term "fixtures" as used in bulk mortgage act (2 Comp. Laws 1929, § 9548, as amended by Act No. 198, Pub. Acts 1931) has reference to such chattels as are commonly used in mercantile business.

3. STATUTES—CONSTRUCTION—BULK MORTGAGE ACT.

Amendment of bulk mortgage act by insertion of word "any" in·clause "pertaining to the conducting of *any* said business" does not extend statute to other than mercantile business or one closely allied thereto, title of act remaining the same (Act No. 198, Pub. Acts 1931, amending 2 Comp. Laws 1929, § 9548).

4. FRAUDULENT CONVEYANCES—BULK MORTGAGE ACT—OFFICE FUR-NITURE—FIXTURES—INSURANCE AGENT.

Office furniture and equipment such as chairs, desks, book cases, cabinets, typewriters, safe, rugs, etc., used by insurance agent, does not come within term "fixtures" as used in bulk mortgage act (2 Comp. Laws 1929, § 9548, as amended by Act No. 198, Pub. Acts 1931).

5. SAME—BULK MORTGAGE ACT—NOTICE—OFFICE FURNITURE—CHAT-
TEL MORTGAGES—INSURANCE AGENT—REPLEVIN.

> Chattel mortgage on office furniture and equipment given by in-
> surance agent is not subject to bulk mortgage act requiring
> notice to other creditors, is valid, and entitles mortgagee to
> possession on bringing replevin against mortgagor's other
> creditors (2 Comp. Laws 1929, § 9548, as amended by Act
> No. 198, Pub. Acts 1931).

Appeal from Genesee; Black (Edward D.), J. Submitted October 3, 1933. (Docket No. 23, Calendar No. 37,071.) Decided December 5, 1933.

Replevin by Flint Citizens Loan & Investment Company, a corporation, against George S. Moss and William R. Roper for a quantity of office furniture and equipment. Judgment for defendant Roper. Plaintiff appeals. Reversed, and judgment ordered entered for plaintiff.

*Raymond C. French,* for plaintiff.

*Joseph R. Joseph,* for defendant Roper.

NORTH, J. In this replevin suit tried before the court without a jury defendant Roper had judgment. Plaintiff, asserting that it is entitled to judgment under the record, has appealed.

Plaintiff claims the right to possession of the replevined goods under a chattel mortgage given to it by defendant Moss, an insurance agent. So far as involved in this appeal the mortgaged property consists of the furniture and equipment used by Moss in his insurance office, such as chairs, desks, book cases, filing cabinets, typewriters, storage cabinet, safe, rugs, etc. Plaintiff's right to recover turns upon whether its chattel mortgage is within the provisions of 2 Comp. Laws 1929, § 9548, as

amended by Act No. 198, Pub. Acts 1931, which in part reads:

"Every mortgage or conveyance intended to operate as a mortgage of the whole or any part of a stock of merchandise or fixtures or merchandise and fixtures, pertaining to the conducting of any said business which shall hereafter be made for a past consideration other than the purchase price of the property mortgaged without notice to the creditors of the mortgagor as herein provided, shall be void as against said creditors not so notified."

There was no notice of the giving of this chattel mortgage to the mortgagor's creditors. Appellees assert, and the circuit judge held, that because notice was not given the chattel mortgage is void as to the mortgagor's creditors. Because of the similarity of purpose and provisions counsel for the respective litigants rely largely upon decisions under the bulk sales law (2 Comp. Laws 1929, § 9545 *et seq.*). Appellees cite *People's Savings Bank* v. *Van Allsburg,* 165 Mich. 524; *Patmos* v. *Grand Rapids Dairy Co.,* 243 Mich. 417; *Michigan Packing Co.* v. *Messaris,* 257 Mich. 422.

The purpose and the scope of legislation of this character have been pointed out by previous decisions of this court.

"Inasmuch as this law is aimed at the business of merchants, we think the word 'fixtures' as used in the statute, must have reference to such chattels as merchants usually possess and annex to the premises occupied by them, to enable them the better to store, handle, and display their goods and wares." *Bowen* v. *Quigley,* 165 Mich. 337 (34 L. R. A. [N. S.] 218).

"Its (bulk sales act) purpose is to prevent the purchase of a stock of merchandise from various

persons on credit and then selling it out in bulk for the purpose of defrauding the rights of the creditors who extended the credit. *Gallup & Co.* v. *Rozier,* 172 N. C. 283 (90 S. E. 209). It should be construed so as to cure the evil at which it was aimed, defrauding creditors by secret bulk sales. 27 C. J. p. 875." *Patmos* v. *Grand Rapids Dairy Co., supra.*

It is appellant's contention that the types of merchandise and fixtures which fall within the provisions of the quoted act are those that are commonly used in mercantile business, and that such construction is in harmony with and renders effective the purpose of the legislation. We think this contention must be sustained and that the instant case falls within and is controlled by our decisions in *Bowen* v. *Quigley, supra; People's Savings Bank* v. *Van Allsburg, supra; McPartin* v. *Clarkson,* 240 Mich. 390 (54 A. L. R. 1535) ; *Michigan Packing Co.* v. *Messaris, supra.*

Appellees call attention to the insertion by the 1931 amendment of the word "any" in the above-quoted phrase "pertaining to the conducting of *any* said business;" and from such change contend that the statute should be made applicable to *any* business. We think the amended statute is not subject to this construction. It still bears the same title:

"An act to regulate the mortgaging of stocks of goods, merchandise and fixtures, in bulk."

Its provisions must still be confined to mercantile business or at most extended only to business of a type and character closely allied and very similar to a mercantile business. The statute is not applicable to the chattels mortgaged in the instant case. Plaintiff's chattel mortgage was valid and at the time it replevined these chattels it was entitled to possession of them.

Judgment entered in the circuit court is reversed and the case remanded with direction to enter judgment in accordance herewith. Costs of both courts to appellant.

McDonald, C. J., and Weadock, Potter, Sharpe, Fead, Wiest, and Butzel, JJ., concurred.