**AMERICAN MARINE CORPORATION**

**v.**

**Lamar C. JONES, Universal Marine Company, Universal Marine Corporation, Jones Towing, Inc. and Universal Marine, Inc.**

**Civ. A. No. 66–628.**

United States District Court
E. D. Louisiana,
New Orleans Division.

Feb. 29, 1968.

Neal D. Hobson, New Orleans, La., for plaintiff.

Gibbons Burke, Chaffe, McCall, Phillips, Burke, Toler & Sarpy, New Orleans, La., for defendants.

MITCHELL, District Judge.

On October 21, 1966, defendants Lamar C. Jones, Universal Marine Company, Universal Marine Corporation and Jones Towing, Inc., transferred all of their assets to defendant, Universal Marine, Inc.

Plaintiff brought this action to recover charter hire for, and amounts due for damages to, certain chartered vessels.

Plaintiff also seeks to have the transfer of the assets to movant, Universal Marine, Inc., invalidated and to have Universal Marine, Inc. decreed to be the receiver of the fair value of all property transferred for the benefit of plaintiff and all other creditors of defendants-vendors, contending that the October 21, 1966, sale did not comply with the Louisiana Bulk Sales Act.[1]

Defendant, Universal Marine, Inc., filed a motion for summary judgment, contending that the Louisiana Bulk Sales Act is not applicable to the case at bar, and hearing was held thereon.

The principal issue upon which this motion is based is whether or not defendants-vendors were engaged in such a business as to come within the purview of the Louisiana Bulk Sales Act.

For purposes of this motion, movant admits the Act was not complied with; contends that the Act is only applicable to those engaged in the business of buying and selling merchandise; and that defendants-vendors were engaged in the business of transportation and delivery of oil products for third parties and in the contract towing business.

Plaintiff, in opposition, contends that defendants-vendors were engaged in the business of "transportation and delivery" and "repair and maintenance" of goods, wares and merchandise and thus come within the purview of the Act.

For the reasons hereinafter assigned, the motion is granted.

■ Louisiana state courts have consistently held that the Bulk Sales Act applies only to sales of merchandising businesses in globo and then only to such enterprises as are engaged in the business of buying and selling goods, merchandise and wares.[2]

Plaintiff also contends that defendants-vendors were engaged in the business of the purchase and sale to third parties of vessel supplies and necessaries, including spare parts, lubricating oils and miscellaneous equipment, supplies, goods, wares and merchandise. In support thereof, plaintiff filed the affidavit of its vice-president, Robert L. Wilchar, which is based on affiant's own knowledge and, in part, on the deposition of defendant Lamar C. Jones.

The plaintiff invites the Court's attention to pages 14 through 17 of Mr. Jones' deposition, wherein he admitted that, in regard to Kenner Shipyards (Lamar C. Jones d/b/a Kenner Shipyards), which is a general shipyard business, it did purchase spare and replacement parts and marine supplies of various types that it would need in conjunction with the business of ship repairing, but that it did not furnish third parties with packaged petroleum products.

■ It is our opinion that: the purchase and sale of spare parts and equipment used in the repair of vessels was merely incidental to the main business of ship repairing; such did not make the defendants-vendors "merchants" engaged in the merchandising business within the meaning of the Louisiana Bulk Sales Act; and this type of purchase and sale did not come within the purview of the Act.[3]

Movant has carried its burden of clearly establishing the non-existence of any genuine issue of fact that is material to a judgment in its favor. Decree will be entered accordingly.

1. La. RS 9:2961.

2. Item Co. v. National Dyers & Cleaners, 15 La.App. 108, 130 So. 879 (1930); Lewis Machine & Welding Service v. Amite Ready Mix Co., 148 So.2d 869 (La. App.–1963); Maryland Casualty Co. v. Bedsole & Shetley, 228 F.Supp. 521 (W.D.La.–1964); 168 A.L.R. 785; 37 C.J.S. Fraudulent Conveyances § 479 (note 32).

3. Fisk Rubber Co. v. Hinson Auto Co., 168 Ark. 418, 270 S.W. 605 (1925); 168 A.L.R. 756 and cases cited therein.