H. D. BOZEMAN et al. v. MRS. JOHN J. NAFF.

Middle Section. April 2, 1927.

No petition for Certiorari was filed.

1. Partnership. Party receiving part of profits merely as wages is not a partner.

A party receiving a per cent of the profits merely as wages is not a partner, but if for his work he also receives a part of the assets he then becomes a partner.

2. Principal and agent. Agent in charge of a business as manager has authority to bind his principals in any matter necessary to the operation of the business.

Where a party is placed in charge of a business as manager he has authority to make any contract necessary to the operation of the business.

3. Principal and agent. Agent's authority a question for the jury.

The question as to whether a certain act is within the apparent scope of the agent's authority is one for the jury.

4. Principal and agent. Agent exceeding his authority with principal's knowledge binds the principal.

If an agent exceeds his authority and the principal knowingly received the benefits of his acts, he is bound thereby.

5. Principal and agent. Evidence. Agent is competent witness to prove his authority.

The agent is a competent witness to prove the existence of his authority and what he did.

6. Sales. The sales in bulk statute does not apply to sales of articles by manufacturers, farmers or hotel keepers unless they come within the designation of a sale of a stock of merchandise.

The sales in bulk statute applies only to sales in bulk of a stock of merchandise or any portion of the stock and in the instant case, held that it did not apply to the sale of the assets and fixtures of a company making money bags.

7. Partnership. New partner is liable for debts of the partnership to the amount of the partnership property.

An incoming partner is liable for all pre-existing partnership obligations to the amount of the partnership property.

8. **Principal and agent. Evidence. Agent's act held to bind the company.**
In an action by a stenographer to recover wages where the defense was that her husband who employed her had no authority to bind the company and the evidence showed that he was in charge of the business as the manager, held that as such he had authority to employ a stenographer and she could recover.

Appeal in Error from Circuit Court, Davidson County; Hon. A. B. Neil, Judge.

Modified and affirmed.

J. E. Keefe, Jr., of Nashville, for plaintiffs in error, Bozeman et al.

W. S. Noble and Meriwether Baxter, of Nashville, for defendant in error, Mrs. Naff.

CROWNOVER, J. This was an action on an account for $575 for stenographic services by Mrs. John J. Naff, averred to have been rendered for H. D. Bozeman, C. H. Warwick, Sr., C. H. Warwick, Jr., H. S. Warwick and J. J. Naff, members of a co-partnership known as the Dixie Bag Company. The action was brought against all of the foregoing defendants, and also against H. G. Husband, who was averred to be the purchaser of the assets of said company in violation of the sales in bulk statute.

A jury was demanded and returned a verdict against all of the defendants. A motion for a new trial was made, and the court granted a new trial as to the defendant C. H. Warwick, Sr., but overruled the motion as to the other defendants, and rendered a judgment against them for the full amount sued for. All of the defendants, except C. H. Warwick, Sr., excepted and prayed an appeal in the nature of a writ of error to this court, which was granted, and they assigned errors, in which it is insisted that the court erred in rendering said judgment:

First, because there was no evidence to support the verdict, in that there was no evidence that J. J. Naff was either a partner or an agent of the partnership with authority to employ the plaintiff Mrs. Naff to perform the services as stenographer.

Second, because there was no evidence that the sale of the stock to H. G. Husband was in violation of the sales in bulk statute.

Third, because the evidence preponderated against the verdict.

The facts necessary to be stated are that J. J. Naff had organized a corporation, known as the Dixie Bag Company, which manufactured money bags for banks and other corporations. The business was not a success and the corporation was adjudged a bankrupt, and C. H. Warwick, Sr., was elected trustee in the bankruptcy proceedings. The assets of the corporation were sold to C. H.

Warwick, Jr., and H. D. Bozeman, who entered into a verbal agreement with J. J. Naff where he was to take charge of and operate the business, and was to receive fifty per cent of any profits, and be advanced $30 per week, to be charged against his interest in the profits. The business was operated for about one year, from May 5, 1923, to sometime in May, 1924, and it is averred that while J. J. Naff was in charge of the business he employed his wife, Mrs. J. J. Naff as stenographer, at $50 per month, and that she worked at night and at the noon lunch hour for one year but was paid only $25 on the account. Sometime in May, 1924, the co-partnership sold its entire assets to H. G. Husband for about $1432 without taking an inventory and notifying the creditors as required by the sales in bulk statute.

Mrs. Naff notified the company to pay the balance due her, $575 for the services rendered, which was refused, and the company denied liability, insisting that Mr. Naff was not a partner and was not authorized to employ her as stenographer, and this suit resulted.

It is now insisted by the defendants that Naff was not a partner and had no authority as agent or otherwise to employ Mrs. Naff as stenographer. After a careful examination of the record we are of the opinion that the insistence is not well made. Mrs. Naff testified, without objection, that her husband told her that he was a partner and manager of the business, and that it was necessary for him to employ a stenographer, and that he employed her at $50 per month, that she worked in the evening many times until midnight, and also worked at the noon hour, and that her services were well worth $50 per month.

J. J. Naff testified that after Bozeman and C. H. Warwick, Jr. had purchased the assets, they employed him to take charge of the business, and that. they entered into a verbal understanding by the terms of which he was to be a one-half partner, and manager of the business of the new Dixie Bag Company, and was to receive fifty per cent of any profits, together with a drawing account of $30 per week, to be charged against his interest in the profits; that the entire business was turned over to him and that no limit was placed upon his authority as partner or manager, and that he was authorized to make any contracts necessary in the conduct of the business, and that he had made numerous contracts for the Dixie Bag Company, fixed the price list of its products, and employed the help, paid them off, and acted generally in the capacity of manager, that he employed his wife as stenographer and agreed to pay her $50 per month, which was done with the knowledge of C. H. Warwick, Jr. He testified on cross-examination that he owned a half interest in the Dixie Bag Company and that the other owners were C. H. Warwick, Sr., C. H. Warwick, Jr., and H. D. Bozeman,

and that later Harvey S. Warwick purchased the interest of C. H. Warwick, Jr. He insisted that under the agreement he was to operate the business and was to have one-half of the profits. He stated that he was not to share losses, or rather nothing was ever said about any losses, as it was not contemplated that there would be any losses. He testified at another place that his share was as salary and wages and not as profits, but it is not shown whether he was to have or did claim any interest in the assets other than the profits.

It is now insisted that his expression about the partnership was merely an expression of an opinion and was incompetent as against the other partners, but all of this testimony was admitted without objection. If he received a part of the profits merely as wages he would not be a partner, but if he was to receive a half interest in the assets of the company for his labor and skill, then he was a partner. See Uniform Partnership Act, 1917, chap. 140, sec. 7.

If Naff was a partner he had authority to bind the firm. See Uniform Partnership Act, 1917, chap. 140, sec. 9; Pritchett v. Plater & Co., 144 Tenn., 406, 232 S. W., 961, but aside from this question Naff testified that he was manager and had charge of the business, and had authority to make any contracts necessary to the operation of the business, that he employed help, and acted generally as manager of the business.

The question as to whether a certain act is within the apparent scope of the agent's authority is one for the jury. See Howell v. Consolidated Casualty Co., 6 Hig., 426.

Whether the facts testified to in a given case exhibited an assertion of authority of one as agent of another with his consent, or acquiescence, and whether the power so asserted is a reasonable inference from express powers proved, are questions for the jury. See, Southern Railway Co. v. Pickle, 138 Tenn., 238, 197 S. W., 675.

The defendants did not introduce any testimony denying that Naff was a partner in the business, but they did deny that he had any authority to employ help, except with the consent of C. H. Warwick, Jr., and H. D. Bozeman.

We think that the questions of the agency and the authority of Naff were questions for the jury. As there was some material evidence on the questions we are bound by the finding of the jury. Hence, the first assignment of error must be overruled.

Naff testified that he employed his wife with the knowledge of C. H. Warwick, Jr. If an agent exceeds his authority and the principal knowingly receives the benefits of his acts, he is bound thereby. The agent is a competent witness to prove the existence of his authority and what he did. See, Harvey v. Sweasy, 4 Humph., 449; 21 R. C. L., 859, sec. 36; 2 Corpus Juris, 933.

By the second assignment of error it is insisted that H. G. Husband who purchased the assets of the corporation is not liable, as the sale was not in violation of the sales in bulk statute. We

think this assignment of error should be sustained, as this was not a sale of a stock of merchandise. The statute applies only to sales in bulk of a stock of merchandise or any portion of the stock. Cigar Co. v. Bon Marche, 142 Tenn., 129, 218 S. W., 219; Henderson Co. v. Breeden Bros., 148. Tenn., 281, 255 S. W., 359. It has been held in many cases decided by the courts of other States, where that statute is in force, that the statute does not apply to sales of articles by manufacturers, farmers or hotel keepers, etc., unless they come within the designation of "a sale of a stock of merchandise." See. Nichols, etc., Co. v. Canneries (Wis.), 41 A. L. R., 1211; 27 C. J., 878; 12 R. C. L., 525-7. It results that this assignment of error is sustained, and that the judgment against H. G. Husband is reversed.

It is insisted also that Harvey S. Warwick was not a partner at the time the services were rendered, and at most he became a partner afterwards. The defendants in their plea, which is in the nature of an answer, admitted that he was a partner, and it is proven that he bought C. H. Warwick, Jr.'s interest. An incoming partner is liable for all preexisting partnership obligations to the amount of the partnership property. See, Uniform Partnership Act, 1917, chap. 140, sec. 17.

The proof shows that the assets were sold for about $1432; hence there is nothing in this contention.

It is insisted by the last assignment of error that the evidence preponderated against the verdict. It is well settled that where there is some evidence to sustain the verdict we are bound by it, and we cannot consider the preponderance of the evidence. Hence this assignment must be overruled.

It results that the assignments of error made by C. H. Warwick, Jr., H. D. Bozeman, and Harvey S. Warwick, are overruled, and the judgment as to them must be affirmed, but the judgment as to H. G. Husband is reversed with direction to dismiss the case as to him.

A judgment will be entered against C. H. Warwick, Jr., H. D. Bozeman, Harvey S. Warwick and J. J. Naff, and the sureties on their appeal bond, for $575, and interest from April 2, 1926, together with the cost of the cause, including three-fourths of the cost of the appeal, for which execution may issue. One-fourth of the cost of the appeal is adjudged against Mrs. J. J. Naff, for which execution may issue.

DeWitt, J., and Henderson, Special J., concur.