SCHULTZ, BAUJAN & CO. v. BELL.—130 S. W. (2d), 149.

Middle Section. April 22, 1939.

Petition for Certiorari denied by Supreme Court, July 1, 1939.

Frierson & Queener, of Columbia, for appellant Mrs. Bell.

Hugh T. Shelton, of Columbia, for appellee Schultz, Baujan & Co.

CROWNOVER, J. The complainant, a copartnership, filed its original bill against "Mrs. Clara Bell, doing business under the firm name of Bell's Bakery," to recover $1288.13, damages for breach of contract.

Luther Bell operated a bakery business under the trade name of "Bell's Bakery."

He entered into two contracts with the complainant company for the purchase of flour, the contracts being signed, "Bell's Bakery by Luther Bell." The first contract, dated September 7, 1937, covered 500 barrels of flour, of which 250 barrels were shipped to Luther Bell and paid for by Mrs. Bell after she took charge of the business. The second contract, dated October 6, 1937, covered 500 barrels.

Mrs. Clara Bell obtained a divorce from Luther Bell, on April 31, 1938. As a part of her alimony she was awarded the bakery business,

incumbered with certain indebtedness, which was reported by the receiver, which schedule of debts did not include these flour contracts. She had no information about them.

She refused to carry out the contracts, and the complainant filed the bill in this cause, on the theory that the purchaser or successor of a business is liable for its debts and contracts.

. The Chancellor rendered a decree against Mrs. Bell for $1284.87 and costs.

Mrs. Bell excepted to said decree and appealed to this court and has assigned errors, which are, in substance, as follows:

(1) The Chancellor erred in holding that the subsequent owner of a business is liable for obligations incurred by its former owner, and in rendering a decree against her for $1284.87 liquidated damages for breach of contract.

(2) The bulk sales law does not apply to decrees awarding alimony.

This suit was brought against "Mrs. Clara Bell, doing business under the firm name of Bell's Bakery." It is alleged in the bill that she was awarded this business as a part of her alimony in a divorce proceeding; that she had breached these contracts; that the "purchaser of the business or the successor taking over the business" is liable for its debts and obligations, therefore Mrs. Bell is liable for the breach; and a decree against her was prayed for.

It was further alleged in the bill that Mrs. Bell had "claimed an interest" in the said business, and it is therefore inferred that she was a partner.

It is insisted in this Court by the complainant that Mrs. Bell had stated in her divorce bill that she and Luther Bell were partners; therefore she is now estopped to deny that they were partners, and the complainant is entitled to a decree against her as one of the partners of the business.

A recovery is sought on two grounds: (1) Because she was a partner in the former business and therefore liable. (2) Because she was liable as the successor to the business.

1. A copy of the Bell divorce petition was not filed in evidence in this case; but on the cross-examination of Mrs. Bell she was asked if she had not made the sworn statement in her bill for divorce from Luther Bell that she was a partner in the bakery business, and she answered, "No." She admitted that it was alleged in that bill that she and Luther Bell were "proprietors" of the bakery, but she testified that Luther Bell was the owner of it. She said that she was not an owner, but she "felt" that she and her husband had both worked to establish the business and that this should be taken into consideration when the divorce was granted.

We are of the opinion that this evidence does not constitute judicial estoppel. "Mistaken statements or such as involve an opinion, and

are not the assertion of a fact do not raise estoppel. The oath to be binding as an estoppel must be willfully false.'' Black Diamond Collieries v. Deal, 150 Tenn., 474, 477, 265 S. W., 985, 986. All the Tennessee cases hold that a judicial estoppel will not arise where the inconsistent statement was made inadvertently, or through mistake. Boillin-Harrison Co. v. Keeble, 14 Tenn. App., 347, 356; Sartain v. Dixie Coal & Iron Co., 150 Tenn., 633, 266 S. W., 313; Jetton v. Nichols, 8 Tenn. App., 567, 577.

These contracts were executed before the divorce bill was filed, therefore there can be no claim that Mrs. Bell was a partner by estoppel. Code, sec. 7855.

It results that we hold that she was not judicially estopped to assert that she had not been a partner of Luther Bell's, and the evidence is that she was not a partner.

2. The complainant cannot recover against Mrs. Bell on the theory that a subsequent owner of a manufacturing business is liable for the obligations of the former owner, and the appellant Mrs. Bell's first assignment of error must be sustained.

Luther Bell was an individual operating his bakery business under the trade name of Bell's Bakery. One may lawfully adopt any trade name in which to conduct his business. 47 C. J., 173, 174. He was, of course, liable for the debts of Bell's Bakery.

When Mr. and Mrs. Bell were divorced the court offered to award the bakery business to Mrs. Bell as a part of her alimony. Mrs. Bell agreed to take it and to assume its debts up to a certain amount. The receiver reported debts to the amount of $5700, which list of debts did not include these flour contracts. Mrs. Bell assumed the debts listed but no others. The other debts were, of course, Luther Bell's.

If Luther Bell had been rendered insolvent by the award of the bakery to Mrs. Bell, the complainants, by proper procedure against him and the property, might have subjected the bakery to the payment of their debt. McGhee v. McGhee, 34 Tenn., 221 (2 Sneed.); Powell v. Warren, 2 Shannon. Cas., 144.

But the complainants do not show that they have obtained judgment against Luther Bell and have been unable to collect it and that they have a right to levy on this property. See Powell v. Warren, supra.

Luther Bell was left with property of the value of about $20,000 after the award of alimony and after this suit was instituted.

3. Mrs. Bell is not liable under the sales in bulk statute for three reasons: (1) The bill does not attack as fraudulent the decree for alimony, and it does not seek a recovery against Mrs. Bell on the ground that she was the purchaser of a stock of merchandise in violation of the sales in bulk statute. (2) Because that statute only applies to sales in bulk by the owner, Code, sec. 7283, and not

to decrees and bona fide court sales. (3) The sales in bulk statute does not apply to sales by farmers, hotel keepers, restaurant and boarding house keepers, bakeries, and manufacturers, unless they carry what might be designated as a stock of merchandise. Bozeman v. Naff, 5 Tenn. App., 77; Glenn on Fraudulent Conveyances, sec. 311; 12 R. C. L., 527; 27 C. J., 878 to 883.

There is nothing in the record to show that the bakery business also included a stock of merchandise for sale. The divorce decree and the receiver's report merely show that it was a bakery business, machinery, equipment, leases, trucks, and materials on hand, and things incident to the operation of the business. The only "materials on hand," so far as the record shows, was the car load of flour, or a part of same. It is common knowledge that a bakery must manufacture its goods for sale every day, and the stock on hand, except raw material, is worthless after two or three days at most.

"Section 6048, Ann. St., 1909, commonly called the 'Bulk Sales Law,' relates only to merchandise kept for sale 'in the ordinary course of trade and in the regular and usual prosecution of' business, and does not apply to fixtures or a manufacturer's stock of raw materials used by himself, and not kept or offered for sale in the ordinary course of trade." Lee v. Gillen & Boney, 90 Neb. 730, 134 N. W., 278.

The appellant's assignments of errors having been sustained, it results that the decree of the Chancellor must be reversed and the complainant's bill against Mrs. Bell be dismissed. The costs of the cause including the costs of the appeal are adjudged against the complainant and the surety on its prosecution bond.

It is further ordered that the Clerk and Master pay and return to Mrs. Bell the money deposited by her with him as security, and the cause may be remanded for this purpose.

Faw, P. J., and Felts, J., concur.